In the Matter of the Estate of Francisco Morentin, a Minor.

Jose Morentin, Guardian of the Estate of Francisco Morentin, a Minor, Petitioner and Counter-Respondent Below, Appellee, v. Jose R. Vazquez, Respondent and Counter-Petitioner Below, Appellant.

Gen. No. 51,252.

First District, Third Division.

August 24, 1967.

Ralph M. Schelly, of Chicago, for appellant.

Joseph A. Rosin, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Judgment for $10,000 was entered in favor of Francisco Morentin, a minor, in a personal injury action initiated by his father Jose Morentin as next friend, in which Joseph A. Rosin appeared as his attorney and tried the case. Satisfaction of the judgment was delayed by reason of a notice of attorney's lien filed by Jose R. Vazquez, an attorney who claimed that he had been retained by the parents of the minor under a contingent fee contract. Jose Morentin as guardian of his son's estate pursuant to an order of the Probate Court of Cook County petitioned that court to hold the lien claimed by Vazquez invalid. In response Vazquez cross-petitioned for enforcement of the lien. After a hearing the Probate Court declared the lien null and void and Vazquez has appealed.

Vazquez contends that the parents of the minor entered into a binding contract with him; that they wrongfully discharged him and retained another attorney and that he is entitled to receive as compensation one-third of the judgment, as stipulated in the contingent fee contract. The facts follow.

On March 3, 1959, Francisco Morentin, the 8-year-old son of Jose and Maria Morentin, was struck by an automobile. He suffered a fractured femur and was hospitalized for seven weeks. About an hour after the accident Jose R. Vazquez appeared at the Morentin home

and introduced himself as an attorney. Mrs. Morentin had never heard of him prior to that time. Vazquez testified that he went to see Mrs. Morentin at the request of a neighbor named Esteves who called him on the telephone shortly after the accident. He further testified that he did not recognize the caller's voice and could not recall whether the caller was a man or a woman. At any rate, Vazquez appeared at the Morentin home immediately after the accident, spoke with Mrs. Morentin and then produced a printed contingent fee contract which provided that he would receive $33\frac{1}{3}\%$ of any recovery in the case. He testified that he explained the terms of the contract to Mrs. Morentin in Spanish before she signed it. She could not read, write or speak English. After signing the contract, she asked Vazquez not to do anything until she consulted her husband.

When the contract was introduced at the hearing on the attorney's lien, Mrs. Morentin (speaking through an interpreter) acknowledged her signature but said that she did not understand what the document meant. She proceeded to testify that she was distraught when she signed it; that she had given birth to a child five days before the accident; that her father had died only a month before; and that the injury to her son added to her distraction and grief.

Vazquez testified that he had agreed to do nothing without first speaking to Jose Morentin. On March 4, 1959, however, (the day following the accident) he mailed a letter to the prospective defendant in the personal injury action, identifying himself as the attorney for Francisco and giving notice of an attorney's lien. Vazquez further testified that he filed the notice of lien pursuant to a telephone conversation with a person who identified himself as Jose Morentin, and that this person had instructed him to proceed with the case. Jose Morentin denied making the call. He testified that he made one telephone call to Vazquez about two weeks

after the accident at which time he informed Vazquez that he had retained another attorney.

On March 24, 1959, Vazquez filed an action in the Municipal Court of Chicago on behalf of Francisco Morentin. He admitted that although he maintained an office five blocks from the Morentin home, he did not know the extent of Francisco's injuries when he filed the suit. He testified that he had been told by the parents that Francisco was all right and, as he put it, "I had to take his mother's word." He considered the case weak on the issue of liability. He did not interview any witnesses and he was afraid the defendant was uninsured. When the Morentins discovered that Vazquez had filed the suit in the Municipal Court, they filed a motion in that court to dismiss. Vazquez opposed the motion on the ground that he did not consider the Morentins competent to make such a decision. After a hearing, the court dismissed the suit on September 28, 1959.

While the suit in the Municipal Court was pending, a law suit was filed in the Circuit Court of Cook County on April 11, 1959, in behalf of the minor. It was prepared, filed and tried by Joseph A. Rosin, an attorney. The verdict and judgment for $10,000 was obtained and shortly thereafter the Morentins filed the petition and obtained the order of the Probate Court holding Vazquez's lien invalid.

■ ■ In Illinois contingent fee contracts are carefully scrutinized by the courts. Pocius v. Halvorsen, 30 Ill2d 73, 195 NE2d 137; American Bar Ass'n Canons of Professional Ethics, Canon 13. The courts are concerned not only with the terms of the agreement, but with the question of solicitation as well and will examine the circumstances under which the contract was obtained to determine whether it was procured by overreaching or undue influence. The solicitude of the courts in this respect is evidenced by the rule of the Circuit Court of

Cook County which now requires an affidavit of ethical conduct to be filed by counsel when commencing any action. Circuit Court Rule 0.9. Under this rule the attorney is required to swear that he has not directly or indirectly solicited employment.

■ An attorney is not incapacited from contracting with his client, but he has the burden of showing the utmost good faith, with complete disclosure on his part, complete understanding by the client of all the facts and the legal consequences thereof, and demonstrable fairness of the agreement reached. Bounougias v. Peters, 49 Ill App2d 138, 198 NE2d 142; Rose v. Frailey, 10 Ill 2d 514, 140 NE2d 711.

The circumstances attending the execution of the agreement are highly questionable. Vazquez was a complete stranger to Mrs. Morentin and their only common bond was the Spanish language. Within one to four hours of the accident he induced her to sign a document which she could not read. She was completely at the mercy of his translation of the terms of the contract. She testified she did not understand it and the trial court believed her.

■ ■ A reviewing court should not substitute its judgment as to the credibility of witnesses for that of the trial court unless the findings are manifestly against the weight of the evidence. Pittman v. Lageschulte, 45 Ill App2d 207, 195 NE2d 394. There is ample evidence that Mrs. Morentin could not comprehend the legal significance of the contingent fee contract. The finding of the trial court is not against the manifest weight of the evidence and therefore the judgment must be affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.