(No. 34182.—

FLOYD ROSE *et al.,* Appellants, *vs.* C. W. FRAILEY, Appellee.

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

J. D. QUARANT, of Elizabethtown, for appellants.

JAMES G. GULLETT, of Elizabethtown, and DAVID A. WARFORD, of Marion, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal concerns a suit for declaratory judgment filed in the circuit court of Hardin County by Floyd Rose and Josie Rose against C. W. Frailey, whom we will hereafter refer to as plaintiffs and defendant respectively.

The action related to a contract executed April 21, 1955, wherein defendant agreed to act as attorney for plaintiffs in the leasing and developing of a certain tract of land in which plaintiffs owned oil, gas and other mineral rights. By the terms of this contract, plaintiffs agreed to give defendant a mineral deed to a 1/16th interest and also to pay him any amount exceeding $5000 which defendant might obtain for the sale of a lease or leases on the property in question. The relief sought in plaintiffs' suit was a cancellation of this contract. Defendant's answer joined issue and his counterclaim alleged that the mineral deed of the 1/16th interest was executed and delivered by plaintiffs to him in accordance with the contract. The counterclaim was then withdrawn, the mineral deed was attached to the complaint, and on defendant's answer the issue of the validity of the contract and deed was created. After hearing the cause without a jury, the court entered a decree finding the equities with the defendant and dismissed the plaintiffs' complaint as amended for want of equity. A freehold being involved, the appeal is properly prosecuted to this court.

Plaintiffs now urge that the findings and decree of the lower court were in error for the reason that a fiduciary relationship was both admitted and shown to exist by the evidence and that the defendant did not sustain his burden of proof in showing the fairness of the contract.

The plaintiffs were the owners of 197 acres of land in Gallatin County, which they desired to lease for oil discovery purposes. They had negotiated with an oil-and-gas

firm at Eldorado, from whom they had received a $3000 offer for such a lease. Before accepting this offer it was withdrawn because a dry hole was drilled in a location not far distant from their premises. Then plaintiffs began negotiations with defendant, seeking to enlist his services in the procurement of a satisfactory lease. The parties hereto had been acquainted with each other for some time, the defendant, an attorney, having represented the plaintiffs several times in minor matters.

The defendant testified that plaintiffs talked to him concerning his representing them in connection with making a lease and that at such time they mentioned the fact that they were without funds and they wanted him to be paid for his services by giving him an "override." Defendant then consulted with other attorneys concerning oil-and-gas matters in a nearby city, and after returning from such trip he went to the plaintiffs' home and related to them the details of how the contract and mineral deed which represented the "override" should be executed. He further testified that pursuant to his request they appeared at his office the following morning, April 21, 1955; that the contract and mineral deed were not prepared prior to their arrival and when they did arrive they went over the details of the contract and mineral deed again and that on one occasion plaintiffs wanted part of the fine print in the deed stricken, and this was done; that plaintiffs were alone together for some time in his office, and after his return the contract and deed were executed; that a notary public was present and took the acknowledgment on the deed and defendant's wife was also present at the time the contract and deed were executed.

Mrs. Josie Rose did most of the testifying for the plaintiffs. She was quite a talker. She denied the execution of a mineral deed. Four witnesses testified that Josie could not be believed under oath. Her husband, Floyd Rose, tes-

tified that his testimony would be substantially the same as his wife's if he were asked the same questions.

The chancellor found that the contract in question was in ordinary language, was fair and equitable, that defendant was not guilty of any unprofessional or unethical conduct in the execution of the mineral deed and contract and that both instruments were valid and enforceable. After a careful examination of the testimony appearing in this record we are of the opinion that the trial court did not err in his findings. Where the chancellor sees the witnesses and has an opportunity to observe their demeanor and appearance his findings will not be disturbed on review unless it can be said that they are manifestly against the weight of the evidence. *Evangeloff* v. *Evangeloff,* 403 Ill. 118; *Hadley* v. *White,* 367 Ill. 406; *Halla* v. *Chicago Title & Trust Co.* 412 Ill. 39.

It is fundamental that the relationship of attorney and client is a confidential one to be highly honored and guarded by the attorney. If while such relationship exists the execution of any written obligation by the client to the attorney or any instrument of conveyance by the client to the attorney appears, our courts will require that the attorney sustain the burden of proof cast upon him to show that such obligation or such conveyance was a fair one entered into by the client with full understanding and not the result of any undue influence or overreaching by the attorney. Whatever burden has been cast upon the defendant here to show that the contract in controversy was entered into voluntarily, deliberately and advisedly has been abundantly sustained. *Zeigler* v. *Illinois Trust and Savings Bank,* 245 Ill. 180.

The evidence in this case is admittedly conflicting but it clearly appears to us that it preponderates in favor of the defendant. The proof is uncontradicted that the defendant performed faithfully his obligations under the

518

contract. The testimony of the plaintiffs is contradicted by the defendant, also his wife and Marion Garland, the notary public, and in some respects by J. Cecil Sullivan, a witness called on behalf of the plaintiffs.

The decree entered herein is affirmed.

*Decree affirmed.*