(No. 39566.— )

JOHN O. McDANIEL, SR., Admr., *et al.,* Appellants, *vs.*
CHARLES N. BULLARD *et al.,* Appellees.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

UNDERWOOD, J., dissenting.

LILIENSTEIN, KNUPPEL & GROSBOLL, of Petersburg,
and KENNTH R. BOYLE, of Carlinville, for appellants.

HERBERT L. CANTRILL, BEN K. MILLER, STRUART
DOBBS, and WALTER J. SIMHAUSER, all of Springfield,
(OLSEN, CANTRILL & MILLER, and GILLESPIE, BURKE &
GILLESPIE, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of
the court:

On this appeal we are asked to decide whether a pending action under the Wrongful Death Act abates upon the beneficiary's death from other causes, and if so, whether the abatement works a denial of the constitutional guaranty of a certain remedy for all injuries and wrongs.

The action was begun on behalf of Yvonne Ann Mc-Daniel, the infant next of kin of her parents and her sister, who were all killed in an automobile collision. After the complaint was filed, and some nine and one-half months after the accident, Yvonne died from causes unrelated thereto. The defendants thereupon moved to dismiss, on the ground that death of the sole surviving next of kin left the decedents without next of kin and that the action therefore abated. The circuit court granted the motion, dismissing not only the counts alleging a cause of action under the Wrongful Death Act but also counts alleging a common-law action for injuries which would be preserved by the Survival Act but for the bar created by the Wrongful Death Act. The administrators appeal directly to this court, arguing, *inter alia,* that if the applicable statutes are so construed the result is a denial of remedy for a wrong, contrary to section 19 of article II of the constitution, as well as a denial of equal protection of the laws.

The Wrongful Death Act provides for recovery of damages whenever the act or negligence is such as would have entitled the injured party to recover damages if death had not ensued. (Ill. Rev. Stat. 1963, chap. 70, par. 1.) Section 339 of the Probate Act, (herein called the Survival Act) provides that in addition to actions which survive by the common law, actions for personal injuries and actions for injuries to real or personal property also survive. (Ill. Rev. Stat. 1963, chap. 3, par. 339.) Defendants point out the Survival Act makes no provision for the survival of an action for wrongful death, and they argue that any action there might have been for personal injuries was merged into the wrongful death action and cannot be revived by abate-

ment of the latter. Relied upon is *Wilcox* v. *Bierd,* 330 Ill. 571, wherein death of the sole surviving next of kin within 30 minutes after the decedent's death was held to have extinguished or abated the right of action on her behalf under the Wrongful Death Act.

It is necessary at the outset to consider defendants' contention that no constitutional question is involved so as to warrant a direct appeal to this court. They say that the dismissal worked no denial of a remedy because Yvonne, at all times during her lifetime, had an adequate remedy for her loss, and the abatement simply prevents enrichment of her estate. The plaintiffs insist, on the other hand, that the ruling leaves them with no remedy for the pecuniary loss of support sustained by Yvonne during the nine and one-half months she survived.

The question presented here is whether Yvonne's fortuitous death prior to judgment is adequate justification for denying recovery for the injury already sustained to her means of support. We are asked to decide whether complete justice is denied when damages already suffered become unrecoverable upon death—in other words whether the Wrongful Death Act as so construed fails to afford a complete and adequate remedy within the meaning of the constitutional provision. While the jurisdictional question is not entirely free from doubt we think that plaintiff's contention raises a question under the constitution which warrants direct review. *Cf. Hall* v. *Gillins,* 13 Ill.2d 26; *Cunningham* v. *Brown,* 22 Ill.2d 23; *Siegall* v. *Solomon,* 19 Ill.2d 145; *Heckendorn* v. *First Nat. Bank,* 19 Ill.2d 190.

On the merits defendants insist the case is controlled by *Wilcox* v. *Bierd,* 330 Ill. 571. In that case the infant next of kin died within 30 minutes of her father's death, from injuries received in the same accident. The cause of action was held to have abated, on the ground that at common law actions founded on tort did not survive and that the Survival Act did not help because it applies only where

the property damaged is tangible—"chattel property or property that can be seen and handled"—and does not apply where, as here, the property rights are intangible ones. Relied upon was the holding in *Jones* v. *Barmm,* 217 Ill. 381, that a tort action for interfering with the plaintiff's business did not survive his death, since the damage occasioned was not to any particular piece of personal property visible to the naked eye, and the act, in the opinion of the court, was intended to apply only where the damage was to tangible articles and things movable. The basis of this holding, apparently, was that the words in a statute are to be given their popular meaning and that when this statute was passed "personal property" was held in the popular meaning to include only articles or things movable. *Shedd* v. *Patterson,* 312 Ill. 371.

So far as it is material the language of the Survival Act is that "In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, * * *." (Ill. Rev. Stat. 1963, chap. 3, par. 339.) In holding that a wrongful death action abates on death of the next of kin this court in the *Wilcox* case concluded "It is not a suit to recover damages to personal property or to real estate within the meaning of the survival act, but is a suit to recover for a loss of the increase in money value to the estate of the deceased, which the deceased would in all probability have made had he lived, for the benefit and use of his widow and next of kin. It may be said to be a suit for recovery of damage or loss to a property right in its most general sense, but it is not a suit to recover loss to personal or real property and is not assignable under the previous holdings of this court."

We think the statute ought no longer be given such a narrow, technical construction. Whatever may be the dis-

tinction between a property right in its most general sense and "real or personal property," we cannot consider property tangible merely because people usually thought of it that way in the 19th century. Such a rule of statutory construction would lead to absurd consequences and would largely defeat the object of the Survival Act in modern society. Broad terms like "personal property" must be construed with reference to the conditions of present-day life. The fact that particular forms of it were not in existence at the time of enactment, or were not specifically contemplated by the lawmakers, does not limit the application of the statute. Legislative enactments which are prospective in operation, and phrased in terms comprehensive enough to include things of the same class subsequently coming into existence, should be held applicable where such is consistent with the general legislative purpose. The act involved here does not say "goods and chattels," as it might well have done had it contemplated the narrow scope given to it in the *Wilcox* and *Jones* cases. Instead it employs the all-embracing term "personal property." The word "property" is a generic term and its meaning in any case must be determined by the sense in which it is used. Looking at the context in which "personal property" is used here, and at the object of the Survival Act as a whole, we can see no good reason why the ordinary meaning should not be given to the phrase so as to include the cause of action on behalf of next of kin to recover for loss of support.

No reason appears why this species of property, an accrued claim for compensation for pecuniary injuries to the estate of the benficiary, should be excluded from the act's application. In *Hunt* v. *Authier,* 28 Cal. 2d 288, 169 P.2d 913, a somewhat similar problem was presented in a wrongful death action against the personal representative of a deceased wrongdoer. It was provided by statute that any person could maintain an action against the executor or administrator of one who in his lifetime had "wasted, de-

stroyed, taken, or carried away, or converted to his own use, the property of any such person or committed any trespass on the real property of such person." The court held that the complaint stated a cause of action for injury to "property," within the meaning of the statute. After referring to cases involving damage or diminution of an estate although no direct damage was caused to tangible property, the court observed that "Injuries suffered by the plaintiffs by the lessening of their estate and the invasion and deprivation of their pecuniary interest and right to future support from their decedent by the commission of the wrongful act is as much a destruction or injury to property as was involved in the foregoing cases; and the tort likewise in this case should be deemed to be an invasion of their property rights within the meaning of the present statute. Where the courts have not held such losses to be injuries to property, it has been due to a reluctance to depart from ancient judicial declarations or to the absence of a statute designed to modify the old rule of nonsurvival." We think a conclusion similar to that in the *Hunt* case should follow here, particularly since our Survival Act has been held remedial in its nature and is to be liberally construed. (*Devine* v. *Healy,* 241 Ill. 34.) Moreover the doctrine of abatement would place a premium on delaying tactics on the part of defendants in these cases, who would be relieved of all liability if the case should be prolonged long enough. Inducement for delay would be especially strong in cases of ill and aged next of kin.

Even in the absence of a survival statute it would seem that these statutory causes of action, which are designed to be strictly compensatory, should be held to survive. Such was the holding in *Van Beeck* v. *Sabine Towing Co.* 300 U.S. 342, 81 L. Ed. 685, where an action was brought under a Federal statute on behalf of the dependent mother of a seaman who died by reason of his employer's negligence. During pendency of the suit, and some 18 months after the

son's death, the mother died. The District Court dismissed the suit on the ground that at her death the liability abated, and the dismissal was affirmed by the Court of Appeals. The Supreme Court reversed, pointing out that even at common law an action would survive where the wrong was an injury to property as distinguished from an injury to the person, and that death statutes create an independent cause of action in favor of the beneficiaries for their pecuniary damages. It was held that "the cause of action once accrued is not divested or extinguished by the death of one or more of the beneficiaries thereafter, but survives, like a cause of action for injury to a property right or interest, to the extent that the estate of the deceased beneficiary is proved to be impaired. To that extent, if no farther, a new property right or interest, or one analogous thereto, has been brought into being through legislative action." 300 U.S. at 349.

The reason for the old common-law rule of abatement seems to be that a tort action was originally regarded as punitive in character. When actions or causes *ex delicto* are merely vindictive or retaliatory—a kind of substitute for private war—they may well be thought incapable of being continued on behalf of a victim who is dead and can no longer be appeased, or against a deceased wrongdoer who can no longer be punished. (See F. Pollock, The Law of Torts, 13th ed. 1929, pp. 62—65.) Accordingly all actions or causes in trespass originally died with the person by whom or to whom the wrong was done. Gradually survival was allowed in cases of damage or taking of chattels, or where the tortfeasor's estate had received an obvious benefit, or where real estate was injured. In time virtually all that remained of the old rule was abatement of causes of action for damage to the person, as distinguished from damage to property, and legislation in one jurisdiction after another was enacted expressly providing for survival in personal injury cases and others of a compensatory nature. Today damages for most torts are recognized as compensa-

tory rather than punitive, and there is no reason why an estate that has been injured or depleted by the wrong of another should not be compensated whether the injured party is living or not. (See *Wilfong* v. *Omaha & Council Bluffs Street Railway Co.* 129 Neb. 600, 262 N.W. 537.) The rule of abatement has its roots in archaic conceptions of remedy which have long since lost their validity. The reason having ceased the rule is out of place and ought not to be perpetuated. In holding to the contrary with respect to actions of the present kind, *Wilcox* v. *Bierd* does not correctly state the law, and it is hereby overruled.

We conclude that under the Survival Act the action for wrongful death did not abate but may be maintained for the benefit of Yvonne's estate. In view of this conclusion it becomes unnecessary to consider the constitutional questions raised, the presence of which affords jurisdiction on direct appeal even though the determining matter of statutory construction, standing alone, would not have done so. *McGill* v. *Illinois Power Co.* 18 Ill.2d 242.

The judgment of the circuit court of Sangamon County will be reversed, and the cause will be remanded, with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*

Mr. JUSTICE UNDERWOOD, dissenting:

I would have no hesitation in joining the majority opinion if the Illinois law upon this question were unsettled. But it is not. *Wilcox* v. *Bierd,* 330 Ill. 571, decided in 1928, interpreted the survival statute and squarely held the cause of action did not survive the death of the next of kin. There has been no intervening amendment of the statute from which it can be concluded that the legislature has discerned a desire by the people for a change in this rule of law.

Justification for the change wrought by the majority opinion is found in the "19th century" thinking and "archaic conceptions" said to form the basis for the de-

cision in *Wilcox,* and it is said that these must give way to the objects of modern society and the conditions of present-day life. I have no quarrel with this, but I do disagree with the majority as to the proper forum for a determination of the changes best suited to serve the objects of modern society and conditions of present-day life.

In my judgment stability in judicial interpretations of the law is still sufficiently desirable to preclude the reversal here accomplished without benefit of legislative encouragement.

I would affirm the trial court ruling.