LYDIA M. JONES by Sharon LeBike, her Adm'r, Plaintiff-Appellant,
*v.* THOMAS C. SIESENNOP, Defendant-Appellee.

First District (2nd Division) No. 76-1076

Opinion filed December 20, 1977.

Anna D. Marek, of Ontarioville, for appellant.

Hugh R. McCombs, Jr., of Chicago (Isham, Lincoln & Beale, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Sharon LeBike, the administrator of the estate of Lydia M. Jones, appeals an order of the circuit court of Cook County denying her motion to be substituted as a party plaintiff and granting the motion of defendant, Thomas C. Siesennop, to dismiss the cause, with prejudice. The sole issue on appeal is whether an action for professional negligence against an attorney abates with the death of the plaintiff.

The original plaintiff, Lydia M. Jones, filed a complaint which alleged in relevant part that defendant Alpine Real Estate had engaged the services of defendant Siesennop, an attorney at law, to represent both the sellers, the Pompes, and the buyers, plaintiff and her (now deceased) husband, at a real estate closing. Count II of the complaint alleged that defendant failed to provide plaintiff with a clear title to the property purchased by failing to secure and record a release of a prior mortgage on the property. No release had been recorded as of the date of the filing of the complaint. Paragraph 8 of the complaint alleged: "Defendant was negligent in his handling of the real estate transaction and has caused the plaintiff to suffer great damage." Plaintiff sought the award of $40,000 in damages, plus the costs of a suit to quiet title to the property.

Defendant's answer stated that he lacked knowledge necessary to deny or admit the allegations of the complaint. Other allegations of the plaintiff's complaint were generally denied by defendant.

Sharon LeBike, the appellant here, moved to be substituted as plaintiff, alleging plaintiff's death and that letters of administration had been issued to LeBike, as administrator.

The court denied LeBike's motion to be substituted as plaintiff, and dismissed the action against Siesennop, with prejudice. The order stated:

> "It is further ordered that as to the decision in regard to the denial of the motion to substitute of the Estate of Lydia Jones as to Thomas Siesennop the court hereby has based its decision on the *Butterman v. Chamales* (73 Ill. App. 2d 399) [*sic*] and has decided in that regard that this is a final and appealable order."

## I.

Appellant contends that an action for professional negligence against an attorney survives the death of the plaintiff and may be pursued by her personal representative. Appellant relies on our opinion in *Shapiro v. Chernoff* (1st Dist. 1972), 3 Ill. App. 3d 396, 402-03, 279 N.E.2d 454, where we reviewed the common law distinction between those actions which survived and those which abated upon the death of a party. There we stated that the common law distinction was based on the type of injury of which the plaintiff complained. If the interest to be protected was primarily a property interest, the action survived. If the interest was primarily personal, the action was held to abate. We also noted the development of a second test of survivability: whether or not the action is assignable. Appellant maintains that plaintiff's action against defendant meets both tests.

Appellant also contends that *Butterman v. Chamales* (1st Dist. 1966), 73 Ill. App. 2d 399, 220 N.E.2d 81, which formed the basis for the trial court's ruling, is factually distinguishable. The distinction urged is that in *Butterman,* the deceased party was the defendant-attorney, whereas here, the deceased party is the plaintiff.

Defendant relies squarely on *Butterman* in arguing that an action for professional negligence against an attorney does not survive the death of either party under the common law rule or under the Illinois survival statute (Ill. Ann. Stat., ch. 3, par. 27—6 (Smith-Hurd 1977 Supp.)).[1]

---

[1] Section 27—6 provides:

In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of 'An Act relating to alcoholic liquors'."

Defendant also raises two additional arguments which, because of the nature of our disposition of the case, we need not reach.

We agree with defendant that the factual distinction between *Butterman* and the case at bar is inconsequential. However, we conclude that the principles which formed the foundation of this court's decision in *Butterman* no longer prevail and that a different result is therefore mandated.

*Butterman* was an action for professional negligence brought against the estate of the defendant attorney. The complaint alleged that defendant had been retained to represent plaintiff in an action against a stock brokerage firm, and that the action had been dismissed for want of prosecution when the defendant had negligently failed to answer a trial call. Plaintiff further alleged that defendant had failed to file a suit on her behalf in Federal court, thus allowing the statute of limitations to run.

The executrix of the attorney's estate moved to dismiss the action on the ground, among others, that a malpractice claim does not survive the death of the defendant attorney. The trial court granted the motion to dismiss. Plaintiff then filed an amended complaint based on a theory of breach of the contract of retainer. The trial court also dismissed that complaint, stating that the nature of the plaintiff's action against the attorney was clearly in tort, and not in contract. 73 Ill. App. 2d 399, 404.

The issue on appeal was whether an action for malpractice against an attorney abates with his death. In *Butterman*, we held that the cause of action had abated. 73 Ill. App. 2d 399, 403.

The court analyzed the survival issue in the following manner: At common law, tort actions abated with the death of either party. Contract actions survived, although Butterman's action sounded clearly in tort, and not in contract. In addition to those actions which survived at common law, the legislature, through section 339 (now 27—6) of the Probate Act (Ill. Ann. Stat., ch. 3, par. 27—6 (Smith-Hurd 1977 Supp.)) provided for the survival of certain actions.

The *Butterman* court noted that since *Jones v. Barmm* (1905), 217 Ill. 381, 75 N.E. 505, the portion of the statute which allows an "action 'to recover damages * * * to * * * personal property'" to survive has been limited to actions for damages to tangible personal property (chattels), and does not extend to damages to intangible personal property. (73 Ill. App. 2d 399, 403.) The court summarily concluded that plaintiff's action did not fit within any of the other categories of actions which survive and affirmed the holding of the trial court.

*Jones v. Barmm* was an action to recover damages for allegedly tortious conduct in hindering, injuring, and interfering with plaintiff's place of business by ejecting customers from the premises, denying them entrance, falsely representing that plaintiff had moved his place of

business, and other acts. After the suit was commenced, the defendant died.

The court held that the action abated with defendant's death. The court construed the survival act in such a way that plaintiff's action could not proceed as "an action to recover for damages for an injury to the person," because the action was one in the nature of slander, which was expressly excepted from that portion of the statute. Nor could it be maintained as "an action to recover damages for an injury to personal property" because:

> "Taking into consideration the well known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was * * * intended to apply only to actions for damages to tangible articles and things movable,—to chattels, as distinguished from actions for damages to one's business." 217 Ill. 381, 383.

In *Shedd v. Patterson* (1st Dist. 1923), 230 Ill. App. 553, the court cited *Barmm* and similarly limited the meaning of "injury to the person" to damages or injury of a *physical* character. The court held that an action for malicious prosecution abated with the death of the plaintiff. 230 Ill. App. 553, 560.

In 1966, however, the survival statute was again construed in *McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140. This time, the supreme court substantially changed its position. The court reviewed its previous constructions of the term "personal property" as used in the statute (including *Barmm* and *Shedd*) and concluded:

> "We think the statute ought no longer be given such a narrow, technical construction. Whatever may be the distinction between a property right in its most general sense and 'real or personal property,' we cannot consider property tangible merely because people usually thought of it that way in the 19th century. Such a rule of statutory construction would lead to absurd consequences and would largely defeat the object of the Survival Act in modern society. Broad terms like 'personal property' must be construed with reference to the conditions of present-day life. The fact that particular forms of it were not in existence at the time of enactment, or were not specifically contemplated by the lawmakers, does not limit the application of the statute. Legislative enactments which are prospective in operation, and phrased in terms comprehensive enough to include things of the same class subsequently coming into existence, should be held applicable where such is consistent with the general legislative purpose. *The act involved here does not say 'goods and chattels,' as it might well have done had it*

*contemplated the narrow scope given to it in the Wilcox [v. Bierd (1928), 330 Ill. 571, 162 N.E. 170] and Jones [v. Barmm] cases.* Instead it employs the all-embracing term 'personal property.' *The word 'property' is a generic term and its meaning in any case must be determined by the sense in which it is used."* (Emphasis added.) 34 Ill. 2d 487, 490-91.

■■ The survival statute is remedial in nature and is to be liberally construed. (*McDaniel*, 34 Ill. 2d 487, 492.) The reason for the rule of abatement was the common law notion that a tort was originally regarded as *punitive* in character, whereas today damages for most torts are regarded as *compensatory*. Therefore, "there is no reason why an estate that has been injured or depleted by the wrong of another should not be compensated whether the injured party is living or not." *McDaniel*, 34 Ill. 2d 487, 493-94.

In *McDaniel*, the court ruled in substance that an accrued cause of action for wrongful death was "personal property," within the meaning of the survival statute, and survived the death of the plaintiff-beneficiary. Similarly, there is no reason why an accrued cause of action for professional negligence against an attorney should not also be construed as "personal property" within the court's expanded definition.

In *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583, the court reversed its long-standing decision in *Holton v. Daly* (1882), 106 Ill. 131, and held that a cause of action for damages for personal injuries does not merge with the death of the decedent as a result of the injuries, and that a wrongful death action, as well as a personal injury action, may proceed. The court noted its general disapproval of the rule of abatement in *McDaniel* and cited, with approval, the following language from Prosser, Handbook of the Law of Torts (4th ed. 1971):

> " '[T]he modern trend is definitely toward the view that tort causes of action and liabilities are as fairly a part of the estate of either plaintiff or defendant as contract debts, and that the question is rather one of why a fortuitous event such as death should extinguish a valid action. Accordingly, survival statutes gradually are being extended; and it may be expected that ultimately all tort actions will survive to the same extent as those founded on contract.' " (56 Ill. 2d 423, 429.)

Defendant in the case at bar has attempted to distinguish these "wrongful death" cases by generally stating that they are not remotely related to this case. That is clearly not the case. In the wrongful death cases, as here, the issue is whether a particular cause of action survives under the "personal property" language of the survival statute. In those cases, the court held that the mechanical application of the *Barmm* concept of "personal

property" as chattels only, would be arbitrary and unfair. Damages had occurred which had diminished the estate of the deceased, and the fortuitous death of one of the parties should not be allowed to relieve a defendant of all liability for his wrong.

██ Accordingly, the order of the circuit court denying appellant's motion to be substituted as a party plaintiff and dismissing the complaint is reversed and the cause is remanded. Plaintiff's estate, of course, still bears the burden of proving its right to recover, and defendant may assert any available defenses to liability. The only immediate effect of our ruling is to give the estate its day in court.

Reversed and remanded.

STAMOS and PUSATERI, JJ., concur.