CHARLOTTE K. CLEMENT, Assignee of Linda King, Plaintiff-Appellant, *v.* HOWARD H. PRESTWICH, Defendant-Appellee.

Second District   No. 82—570

Opinion filed May 3, 1983.

Joseph D. Olsen and Raphael E. Yalden, II, both of Downey, Yalden, Shriver and Yalden, of Rockford, for appellant.

Robert K. Clark, of Clark and Heaslip, of Rockford, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Charlotte K. Clement, appeals from an order dismissing with prejudice her complaint for legal malpractice against defendant, Howard H. Prestwich, an attorney. Plaintiff brought suit based on a purported assignment of a legal malpractice claim against defendant, which plaintiff had received from Linda King. The trial court granted defendant's motion to dismiss, ruling that a claim for legal malpractice could not be assigned. The issue plaintiff raises on appeal is whether a cause of action for legal malpractice is assignable.

The facts, as alleged in plaintiff's complaint, are set out below. These facts must be taken as true on a motion to dismiss. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 284, 402 N.E.2d 599.

Plaintiff was seriously injured in an automobile accident with King on March 21, 1977. A cause of action in her favor arose against King from this accident. King retained defendant, an attorney, to represent her in bankruptcy proceedings. Defendant filed a petition in bankruptcy for King which listed plaintiff as an unsecured creditor based on the cause of action arising from the accident. Defendant allegedly breached his duty of care in representing King and, as a result of this alleged breach, plaintiff's claim against King was not discharged in

bankruptcy. Plaintiff, therefore, was later able to file an action at law and to pursue her claim against King. Plaintiff obtained a $21,000 judgment on this claim against King. On November 6, 1981, plaintiff received from King a purported written assignment of King's legal malpractice claim against defendant arising from defendant's allegedly negligent handling of King's bankruptcy matter.

Defendant moved to dismiss plaintiff's complaint, claiming that a cause of action for legal malpractice was not assignable and that therefore the complaint failed to state a cause of action. (Ill. Rev. Stat. 1981, ch. 110, par. 45.) The trial court granted this motion, relying on *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8.

In *Christison*, the court held that the right to file an action for legal malpractice was not an asset of the bankrupt's estate which the trustee in bankruptcy could pursue in court. The court stated that the essential question in deciding the case was whether a cause of action for legal malpractice was assignable. (83 Ill. App. 3d 334, 337, 405 N.E.2d 8.) For public policy reasons, well stated therein, the court held that a cause of action for legal malpractice was not assignable. (83 Ill. App. 3d 334, 338-39, 405 N.E.2d 8.) We find the reasoning in *Christison* persuasive and applicable to the case at bar. The fact that *Christison* involved an involuntary assignment, while this case involves a purported voluntary assignment, does not alter the public policy reasons for barring the assignment of a cause of action for legal malpractice. See *Goodley v. Wank & Wank, Inc.* (1976), 62 Cal. App. 3d 389, 133 Cal. Rptr. 83.

The attorney-client relationship is a fiduciary relationship as a matter of law. (*In re Schuyler* (1982), 91 Ill. 2d 6, 11, 434 N.E.2d 1137.) This relationship is a confidential one which must be highly honored and guarded by the attorney. (*Rose v. Frailey* (1957), 10 Ill. 2d 514, 517, 140 N.E.2d 711; *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 338, 405 N.E.2d 8.) The confidence reposed in an attorney is of a personal nature and cannot be delegated by the attorney without the client's consent. (*Cornelius v. Wash* (1825), 1 Ill. (Breese) 98, 100; *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 338, 405 N.E.2d 8.) A client's claim for malpractice arises from this personal relationship and is a claim that his attorney has breached a personal duty to the client (*Christison v. Jones* (1980), 83 Ill. App. 3d 334, 338, 405 N.E.2d 8), and that the client has been injured as a result of the breach. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96; *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 314, 440 N.E.2d 448.) We believe that sound public policy prohibits the assignment of these claims since an assignee would be a stranger to the attorney-client relationship,

who was owed no duty by the attorney and who suffered no injury from the attorney's actions.

The court in *Goodley v. Wank & Wank, Inc.* (1976), 62 Cal. App. 3d 389, 133 Cal. Rptr. 83, persuasively sets out the potential perils of allowing the assignment of legal malpractice claims:

> "It is the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations in our conclusion that malpractice claims should not be subject to assignment. The assignment of such claims could relegate the legal malpractice action to the market place and convert it to a commodity to be exploited and transferred to economic bidders who have never had a professional relationship with the attorney and to whom the attorney has never owed a legal duty, and who have never had any prior connection with the assignor or his rights. The commercial aspect of assignability of choses in action arising out of legal malpractice is rife with probabilities that could only debase the legal profession. The almost certain end result of merchandizing [*sic*] such causes of action is the lucrative business of factoring malpractice claims which would encourage unjustified lawsuits against members of the legal profession, generate an increase in legal malpractice litigation, promote champerty and force attorneys to defend themselves against strangers. The endless complications and litigious intricacies arising out of such commercial activities would place an undue burden on not only the legal profession but the already overburdened judicial system, restrict the availability of competent legal services, embarrass the attorney-client relationship and imperil the sanctity of the highly confidential and fiduciary relationship existing between attorney and client." 62 Cal. App. 3d 389, 397, 133 Cal. Rptr. 83, 87.

We concur in these concerns, as did the court in *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 339, 405 N.E.2d 8, and hold that a cause of action for legal malpractice is not assignable. See also *Chaffee v. Smith* (1982), ___ Nev. ___, 645 P.2d 966; but see *Oppel v. Empire Mutual Insurance Co.* (S.D.N.Y. 1981), 517 F. Supp. 1305; *Collins v. Fitzwater* (1977), 277 Ore. 401, 560 P.2d 1074.

*McGill v. Lazzaro* (1978), 62 Ill. App. 3d 151, 379 N.E.2d 16, and *Jones v. Siesennop* (1977), 55 Ill. App. 3d 1037, 371 N.E.2d 892, cited and relied on by plaintiff, are inapposite. The issues decided in those cases were that an action for professional negligence does not abate

with the death of the attorney (*McGill v. Lazzaro* (1978), 62 Ill. App. 3d 151, 379 N.E.2d 16), and that an action for professional negligence against an attorney does not abate with the death of the plaintiff and may be pursued by the administrator of her estate. (*Jones v. Siesennop* (1977), 55 Ill. App. 3d 1037, 371 N.E.2d 892.) The secondary basis of decision in *McGill*, that legal malpractice claims are assignable, was only briefly analyzed by the court and is not persuasive.

Plaintiff also maintains that in *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, our supreme court expanded an attorney's liability to nonclients and that this decision weakened the rationale of *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8. However, *Pelham* held that a nonclient could maintain a cause of action only if he were able to prove that "the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." (92 Ill. 2d 13, 21, 440 N.E.2d 96.) It is clear that plaintiff was not the intended beneficiary of the attorney-client relationship between defendant and King since the purpose of that relationship was to achieve the discharge of King's debts, including her debt to plaintiff, in bankruptcy.

For the foregoing reasons the order of the circuit court of Stephenson County dismissing plaintiff's complaint is affirmed.

Affirmed.

HOPF and VAN DEUSEN, JJ., concur.