Jerry Deon OWENS, Plaintiff,

v.

ARCHER–DANIELS–MIDLAND COMPANY, a Delaware corporation authorized to do business in Illinois, Mike McFate, Randy Kampfe and Marie E. Powers, as Independent Administrator of the Estate of Art Boyle, Defendants.

No. 94–CV–2173.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Jan. 5, 1999.

Franklin L. Renner, Littler, Renner, Howard & Wombach, Peoria, IL, Mary Lee Leahy, Leahy Law Offices, Springfield, IL, for Plaintiff.

James E. Peckert, A. James Shafter, Kehart, Shafter & Webber, Decatur, IL, for Defendant.

## ORDER

McCUSKEY, District Judge.

On December 17, 1998, Defendant Marie E. Powers, as Independent Administrator of the Estate of Art Boyle, filed an Amended Motion for Summary Judgment as to Count VII of Plaintiff's Second Amended Complaint (# 139). Powers' Amended Motion for Summary Judgment (# 139) is DENIED.

## FACTS

Plaintiff, Jerry Deon Owens, filed his Amended Complaint against Defendants in October 1994. Count VII of the Amended Complaint asserted a cause of action for the intentional infliction of emotional distress against Defendant Art Boyle. Art Boyle passed away in February 1998. Plaintiff was subsequently allowed to file a Second Amended Complaint as to Count VII naming Marie E. Powers, as Independent Administrator of the Estate of Art Boyle, as Defendant. On December 17, 1998, with leave of this court, Powers filed her Amended Motion for Summary Judgment. Powers argues that she is entitled to Summary Judgment because the claim alleging intentional infliction of emotional distress does not survive the death of Boyle, and the claim is therefore barred as a matter of law. Plaintiff filed a Response and argues that Powers' argument has been waived. In the alternative, Plaintiff contends that his cause of action against Boyle survives under Illinois law. This court agrees.

## ANALYSIS

The question of whether an action survives the death of a party must be determined by looking at the law, state or federal, under which the cause of action arose. *Neumann v. John Hancock Mutual Life Ins. Co.,* 736 F.Supp. 182, 185 (N.D.Ill.1990). As Count VII is a pendent state law claim for intentional infliction of emotional distress, state law is controlling on whether the claim survives. See *Neumann,* 736 F.Supp. at 185.

In Illinois, the law determining the abatement or survival of actions is governed by common-law rules and statutory provisions which change the common law. *Gragg v. Calandra,* 297 Ill.App.3d 639, 231 Ill.Dec. 711, 696 N.E.2d 1282, 1286 (1998). Application of the correct rule depends upon the nature of the cause of action involved. *Gragg,* 231 Ill.Dec. 711, 696 N.E.2d at 1286; *Bryant v. Kroger Co.,* 212 Ill.App.3d 335, 156 Ill.Dec. 487, 570 N.E.2d 1209, 1210 (1991).

At common law, the death of either party abated tort actions. *Stafford v. Purofied Down Products Corp.,* 801 F.Supp. 130, 139 (N.D.Ill.1992); *Raisl v. Elwood Industries, Inc.,* 134 Ill.App.3d 170, 89 Ill.Dec. 100, 479 N.E.2d 1106, 1108 (1985). However, Illinois now provides by statute for the survival of certain causes of action. The statute states:

> In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6–21 of "An Act relating to alcoholic liquors." 755 Ill. Comp. Stat. 5/27–6 (West 1996) (Survival Act).

The Survival Act creates no cause of action, but is the conduit through which a cause of action is transferred to the estate represen-

tative. *Estate of Arana v. City of Chicago*, 1992 WL 162965, at *1 (N.D.Ill.1992); *Bryant*, 156 Ill.Dec. 487, 570 N.E.2d at 1210. This is true whether it is the plaintiff or defendant who is deceased. See 735 Ill. Comp. Stat. 5/2–1008 (West 1996); *Neumann*, 736 F.Supp. at 186.

Early interpretations of the Survival Act were very restrictive. *Bryant*, 156 Ill.Dec. 487, 570 N.E.2d at 1210. A federal district court held that only actions for *physical* damages to the person, and not emotional damages, survived under the Illinois Survival Act. *Jarvis v. Stone*, 517 F.Supp. 1173, 1176 (N.D.Ill.1981). Since then, however, the Illinois Supreme Court has stated that the "Survival Act is a remedial statute and is liberally construed in order to prevent abatement." *Walter v. Board of Educ. of Quincy School Dist. No. 172*, 93 Ill.2d 101, 66 Ill.Dec. 309, 442 N.E.2d 870, 873 (Ill.1982). Accordingly, the trend among courts in Illinois has been to expand the breadth of the Survival Act. *Goetz v. Mount Sinai Hosp. Corp.*, 1993 WL 62373, at *5 (N.D.Ill.1993). Illinois courts have held: that a loss of consortium claim based upon negligence did not abate (*Bryant*, 156 Ill.Dec. 487, 570 N.E.2d at 1213); that a tortious interference with contract claim did not abate (*Williams v. Palmer*, 177 Ill. App.3d 799, 127 Ill.Dec. 232, 532 N.E.2d 1061, 1063–64 (1988); see also *Stafford*, 801 F.Supp. at 139); and that an action for retaliatory discharge did not abate (*Raisl*, 89 Ill.Dec. 100, 479 N.E.2d at 1108–09). Recently, in *Gragg*, the court found that the estate of a deceased plaintiff had stated a cause of action for intentional infliction of emotional distress. *Gragg*, 231 Ill.Dec. 711, 696 N.E.2d at 1289–90.

█ The Illinois Survival Act provides that "actions to recover damages for an injury to the person (except slander and libel)" survive the death of either party. 755 Ill. Comp. Stat. 5/27–6 (West 1996). The Illinois Supreme Court has specifically stated that the Survival Act is to be liberally construed to prevent abatement. *Walter*, 66 Ill.Dec. 309, 442 N.E.2d at 873. Further, the trend in Illinois is to expand the breadth of the Survival Act. *Goetz*, 1993 WL 62373, at *5. As a result, this court can find no good reason why the ordinary meaning should not be given to the language "damages for an

injury to the person" in the Survival Act. See *Williams*, 127 Ill.Dec. 232, 532 N.E.2d at 1063 (quoting *McDaniel v. Bullard*, 34 Ill.2d 487, 216 N.E.2d 140, 143 (1966) ("we can see no good reason why the ordinary meaning should not be given" to the phrase "personal property" in the Survival Act)). Giving the language of the Survival Act its ordinary meaning, this court concludes that a cause of action for the intentional infliction of emotional distress is a cause of action "to recover damages for an injury to the person" and is included under the Survival Act. Accordingly, based upon the Survival Act, Plaintiff's cause of action for intentional infliction of emotional distress survives the death of Art Boyle. The Amended Motion for Summary Judgment (# 139) of Marie E. Powers, as Independent Administrator of the Estate of Art Boyle, is DENIED.