JOYCE GRIFFIN, Indiv., and as Mother and Next Friend of Verna Griffin, a Minor, Plaintiff-Appellant, v. ETHEL FLUELLEN, Defendant-Appellee.

First District (6th Division)   No. 1—95—2391

Opinion filed September 20, 1996.

Stotis & Baird, Chartered, of Chicago (Edward J. Manzke, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Julie L. Trester and Michael Resis, of counsel), and James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Cacilia Reich Masover, Assistant Attorney General, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Joyce Griffin appeals from the order of the circuit court of Cook County granting defendant Ethel Fluellen's motion to dismiss plaintiff's action for damages against defendant pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West Supp. 1993)). The central issue on appeal is whether the circuit court has subject matter jurisdiction over plaintiff's claims. We affirm the circuit court's order of dismissal on the ground that the Illinois Court of Claims has exclusive subject matter jurisdiction over this case. The relevant facts are as follows.

On March 8, 1994, plaintiff filed a complaint, seeking damages for the severe burn injuries sustained by her daughter, Verna Griffin, the minor plaintiff in this case, as the result of a fire at defendant's home on January 16, 1994. The complaint alleged in a single count that prior to the date of the fire, Verna had been placed in the legal custody of the Illinois Department of Children and Family Services (DCFS) and that thereafter DCFS placed her in the legal custody of

Fluellen, a foster parent. As a result of their relationship, Fluellen allegedly had a duty to protect Verna, to provide her with food and shelter and to use a reasonable degree of care for her safety. The complaint further alleged that notwithstanding said duty, defendant was negligent in one or more of the following ways: (1) allowed other foster children in her care to gain access to the means to start a fire; (2) failed to take reasonably necessary steps to prevent foster children in her legal custody from starting a fire; and (3) failed to properly supervise her foster children when she knew, or should have known, that close supervision was necessary to prevent harm from befalling Verna. The complaint further alleged that as a direct and proximate cause of one or more of said acts, an unsupervised foster child set fire to the house, causing Verna to be severely burned.

On April 7, 1994, the law firm of Querrey & Harrow filed an appearance and jury demand on defendant's behalf, while on April 15, 1994, the Attorney General of the State of Illinois also filed an appearance and jury demand on defendant's behalf. On April 19, 1994, the Attorney General filed a motion to dismiss the complaint pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West Supp. 1993)) for lack of subject matter jurisdiction. In that motion, the Attorney General asserted that DCFS had licensed defendant as a foster parent "for the past twenty five years," that any duty she owed to Verna arose by virtue of her employment by the state as a foster parent only and that defendant was entitled to sovereign immunity such that this case could be maintained only in the Illinois Court of Claims.

On April 26, 1994, plaintiff filed a request for production. This request sought the following:

"(a) Any contract between the Defendant and the State of Illinois or any department or agency thereof;

(b) Any letters, booklets, pamphlets or writings of any kind that set out, refer, or make reference in any way to the terms of employment of the Defendant with the State of Illinois, or any department or agency thereof;

(c) The complete personnel file of the Defendant;

(d) Any report, memo, note or other writing of any kind concerning Verna Griffin;

(e) Any report, memo, note or other writing of any kind concerning the fire at Defendant's house on January 16, 1994."

On May 12, 1994, defendant, by and through Querrey & Harrow, filed a combined motion to strike the complaint pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West Supp. 1993)) for failure to state a cause of action and to dismiss the complaint pursuant to section 2—619 based on the assertion that the complaint was barred

by the doctrine of parent-child tort immunity and that the Court of Claims has exclusive jurisdiction over this matter, since defendant was a state employee within the meaning of the State Employee Indemnification Act (5 ILCS 350/1 *et seq.* (West 1992)).

On June 27, 1994, plaintiff filed a motion to compel wherein she requested the trial court to compel answers to her request for production to which defendant had not responded.

On July 5, 1994, the trial court directed defendant to comply with the outstanding production request. Plaintiff alleges in her brief that a series of documents was produced, but that none of the documents reflect that defendant was a state employee at the time of the incident. Plaintiff further alleges that the most recent document produced was dated July 6, 1991, and that it indicated that questions were raised concerning defendant's ability to care for foster children. Plaintiff also alleges that, according to the records produced, the last year during which defendant had a valid license to care for foster children was 1989. Plaintiff finally alleges that no records were produced which concern Verna or the fire at defendant's home.

Plaintiff filed a response to defendant's motion to dismiss, and defendant subsequently filed her reply. On December 6, 1994, the trial court entered an order dismissing plaintiff's complaint pursuant to section 2—619, finding that the Illinois Court of Claims had exclusive jurisdiction over this case. The order granted leave to plaintiff to file an amended complaint, which she did on January 3, 1995.

The first amended complaint alleged, again in a single count, that for some time prior to January 16, 1994, defendant owned, operated and maintained a residence located at 13412 South Clifton Court in Robbins, Illinois. Verna was alleged to have been lawfully at that residence when the aforesaid fire started on the premises. The first amended complaint further alleged that at all material times, defendant had a duty to use reasonable care to maintain her premises in a reasonably safe condition for the persons on the premises and that notwithstanding that duty, she committed one or more of the following negligent acts: (1) failed to maintain a heating system that could provide an adequate amount of heat; (2) used an electric space heater as a primary heating source; and (3) failed to provide supervision for the children in the house, when she knew, or reasonably should have known, that such supervision was needed to keep the children reasonably safe. As a direct and proximate result thereof, a fire started in a space heater, igniting household furnishings and setting the house on fire, and Verna was injured.

On February 10, 1995, defendant, through her private counsel, moved to dismiss plaintiff's first amended complaint pursuant to sec-

tion 2—619. She attached her affidavit to the motion. In her affidavit, Fluellen averred that on January 16, 1994, she owned her home located at 13412 South Clifton Court in Robbins, that on said date she was a foster parent for DCFS, that she had been a foster parent for DCFS for many years prior to that date, that she was a foster parent of Verna Griffin, that she had custody of Verna and that she had been given custody of her for at least one year preceding the incident. Based upon this affidavit, Fluellen argued that the Illinois Court of Claims had exclusive jurisdiction over the case under the Court of Claims Act because as a foster parent she was acting as an agent of the state. She further argued that the doctrine of parent-child tort immunity required dismissal of plaintiff's complaint because defendant, in her capacity as Verna's foster parent, was exercising parental discretion in providing and maintaining housing for Verna at the time she was injured.

Plaintiff filed a response to the motion to dismiss her first amended complaint. In her response, plaintiff argued that parent-child tort immunity is not available to defendant here because "[i]n the present circumstances, Ethel Fluellen is no longer acting as the foster parent of Verna Griffin." Plaintiff further argued that although defendant in her affidavit does not claim she was an agent of the state at the time of the occurrence, the motion to dismiss makes such a claim. Moreover, plaintiff asserted that no evidence has been offered which is sufficient to establish that defendant was a state employee.

Defendant filed a reply in support of the motion, arguing that plaintiff seeks recovery for defendant's conduct in maintaining housing for Verna, a duty which falls within her obligations as foster parent and, as such, the parent-child tort immunity applies to her such that the first amended complaint should be dismissed; that plaintiff has provided no factual basis for her allegation that a foster parent-child relationship no longer existed between defendant and Verna and that noncustodial status of a parent is not an exception to parent-child tort immunity. Defendant also argued that the fact that the state appeared on her behalf is evidence of its position that DCFS placed Verna with defendant and that defendant had custody of her and was therefore a foster parent and state employee. Finally, defendant argued that the jurisdictional issue is a question of law, not of fact, as argued by plaintiff. It must therefore be decided by the court.

After a hearing on June 5, 1995, the trial court entered an order granting Fluellen's motion to dismiss for lack of subject matter jurisdiction and dismissing the cause. It further ordered that the action be refiled in the Court of Claims, which has exclusive jurisdiction

over the cause. We note that on January 19, 1996, pursuant to the court's order, plaintiff filed a protective claim in the Court of Claims (No. 96 CC 2369), naming Fluellen and DCFS as defendants.

On appeal, plaintiff contends that the circuit court has proper jurisdiction over a premise liability action at the home of an alleged state employee. More specifically, she argues that there is insufficient evidence establishing that defendant was an agent of the state at the time of the occurrence. Alternatively, plaintiff argues that even if defendant was a state agent at the time of the incident, because defendant owed a duty to Verna independent of her official duties as Verna's foster parent, the circuit court would have proper jurisdiction over this cause.

■ A trial court's decision to grant a motion to dismiss pursuant to section 2—619 is proper "if no set of facts may be proven by which the plaintiff can recover." *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 606, 618 N.E.2d 694, 698 (1993). All well-pleaded facts that have been alleged in the complaint are taken as true for purposes of the motion to dismiss. *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 618 N.E.2d 694. Conclusions that are not supported by specific factual allegations are not considered, and where defects do not appear on the face of the pleadings, affidavits may be filed, stating affirmative matters that justify dismissal. *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 618 N.E.2d 694. Applying these legal principles, we must determine whether the facts alleged in plaintiff's first amended complaint support a finding that the circuit court has subject matter jurisdiction here.

■ "Except where the State has expressly consented to be sued or where suit is brought under the Court of Claims Act, the doctrine of sovereign immunity applies and 'the State of Illinois shall not be made a defendant or party in any court.'" *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d at 606, 618 N.E.2d at 699, quoting Ill. Rev. Stat. 1991, ch. 127, par. 801. The Court of Claims Act (705 ILCS 505/1 *et seq.* (West 1992)) establishes a court of claims to serve as a forum for actions brought against the State of Illinois. *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240 (1990).

Section 8 of the Act provides in pertinent part:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, \*\*\* provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 to or for the benefit of any claimant. \*\*\* The defense that the State \*\*\* is not liable for the negligence of its officers, agents, and employees in the course of their employment is not applicable to the hearing and determination of such claims." 705 ILCS 505/8(d) (West Supp. 1993).

■ It is well established that whether an action is one against the state, and therefore one that must be brought in the Court of Claims, depends on the issues involved and the relief sought, not on the formal identification of the parties. *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240. In other words, the determination that a claim is one against the state is not dependant upon the state being named as a party. *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 618 N.E.2d 694. "Thus, the prohibition 'against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested.' " *Healy v. Vaupel*, 133 Ill. 2d at 308, 549 N.E.2d at 1247, quoting *Sass v. Kramer*, 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977 (1978). No protection, however, is afforded by sovereign immunity where "it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court." *Healy v. Vaupel*, 133 Ill. 2d at 308, 549 N.E.2d at 1247.

An action is found to be against the state, and therefore must be brought in the Court of Claims, when the following three criteria are satisfied:

" '(1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employees's normal and official functions of the State, then the cause of action is only nominally against the employee.' " *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d at 607, 618 N.E.2d at 699, quoting *Robb v. Sutton*, 147 Ill. App. 3d 710, 716, 498 N.E.2d 267, 272 (1986).

Even if the above three criteria are not met, an action is deemed to

be one against the state if judgment for the plaintiff could " 'operate to control the actions of the State or subject it to liability.' " *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d at 607, 618 N.E.2d at 699, quoting *Robb v. Sutton*, 147 Ill. App. 3d at 713, 498 N.E.2d at 270.

■ The Attorney General is authorized under the State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.* (West 1992)) to represent state employees in any civil proceeding commenced against them that arises from any act or omission occurring within the scope of the employee's state employment. 5 ILCS 350/2(a) (West 1992); see *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240. However, the determination of the proper forum for the claim is not based on whether the Attorney General decides to represent a defendant in an action. *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240.

Plaintiff first contends that not only the Attorney General but also private counsel filed appearances on defendant's behalf, not on the state's behalf. Through both sets of counsel, plaintiff asserts, defendant alleged that she was an agent of the state at the time of the incident, but that the only evidence produced is a record of payments made to defendant from DCFS. Except for this record, plaintiff argues defendant failed to produce any documents after 1991 indicating that she was employed by the state. Plaintiff further argues that no records have been produced concerning the foster care of Verna. Moreover, she claims that even defendant's affidavit fails to assert that she was an agent of the state on the date of the incident.

■ An examination of the report of proceedings of the June 5, 1995, hearing on defendant's section 2—619 motion to dismiss reveals that the trial judge based her decision to grant defendant's motion on *Lorenz v. Siano*, 248 Ill. App. 3d 946, 618 N.E.2d 666 (1993), one of the cases upon which plaintiff principally relies. The trial judge relied on the legal principles expounded in *Lorenz*, despite her ultimate finding that the case was factually distinguishable. The report of the proceedings also reveals that the trial judge, in reaching her decision, also relied on defendant's affidavit, the documentation submitted to the trial court and the assertions that defendant was a state agent by both sets of counsel that appeared on her behalf. While the documents to which the judge referred were not specifically identified, she stated that, "It's clear [defendant is] a foster parent," and we defer to this statement where the record reveals that various documents had been exchanged prior to and during the hearing. Plaintiff states that defense counsel showed the court a list of vouchers issued by DCFS to defendant, but she complains that the list was merely a computer printout. We do not believe that such a complaint

is a valid objection to the list of payments received by defendant. Moreover, despite plaintiff's assertions to the contrary, defendant averred in her affidavit that she was Verna's DCFS-appointed foster parent on the date of the fire. The trial court was also entitled to consider that plaintiff's initial complaint stated that defendant was a DCFS-appointed foster parent. See *Williamson v. City of Springfield*, 125 Ill. App. 3d 361, 465 N.E.2d 1035 (1984). The trial judge correctly determined that defendant was an agent of the state.

■ Plaintiff next contends that even if defendant was a state employee at the time of the occurrence, the circuit court would still have jurisdiction over this claim, where there exists abundant case law which clearly shows that sovereign immunity and the exclusive jurisdiction of the Court of Claims for actions filed against state agents do not apply where the agent owes a duty to plaintiff that is independent of his or her employment with the state.

Plaintiff argues here that defendant was negligent in failing to maintain her premises in a reasonably safe condition and that defendant owed a duty to the plaintiff that arose independently of her state employment. Plaintiff urges that the duty to maintain a home in a reasonably safe condition for people on the premises applies to all property owners, not just alleged foster parents, and that the duty would apply to any person on the property, whether a foster child or simply a child from next door. Plaintiff asserts that common sense dictates that the duty to maintain one's premises is no more "uniquely related" to the job of foster parent than is a police officer's driving a squad car (*Currie v. Lao*, 148 Ill. 2d 151, 592 N.E.2d 977 (1992)), an IDOT employee's driving a front-end loader (*Lorenz v. Siano*, 248 Ill. App. 3d 946, 618 N.E.2d 666 (1993)), or a physician's working for the Illinois Department of Corrections (*Madden v. Kuehn*, 56 Ill. App. 3d 997, 372 N.E.2d 1131 (1978)).

In the present case, plaintiff alleged in her first amended complaint that defendant had a duty to use reasonable care in maintaining her premises in a reasonably safe condition for the persons on or about the premises and that, notwithstanding that duty, she committed one or more of the following negligent acts: (1) failed to maintain a heating system that could provide an adequate amount of heat; (2) used an electric space heater as a primary heating source; and (3) failed to provide supervision for the children in the house, when she knew, or reasonably should have known, that such supervision was needed to keep the children reasonably safe. Thus, plaintiff has charged defendant with the negligent performance of her duties as a foster parent, making no claim that defendant acted in violation of law or outside the scope of her employment. See *Healy v. Vaupel*, 133

Ill. 2d 295, 549 N.E.2d 1240. Consequently, because we have previously determined that defendant was appointed by DCFS, a state agency, defendant was therefore an agent of the state, and exclusive jurisdiction over this cause lies in the Court of Claims. See *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240.

We are unpersuaded by plaintiff's argument that defendant breached a duty to Verna that is independent of her employment with the state, thus preventing the attachment of sovereign immunity and enabling the claim to be maintained in the circuit court. Any alleged failure of a heating system in the home or the use of a space heater arose out of defendant's duty as a foster parent appointed by DCFS and Verna's status as a foster child. Verna would never have sustained injuries in the fire at defendant's house if she had not been in defendant's legal custody and a resident there.

We find this court's holdings in *Currie, Lorenz,* and *Madden,* the cases upon which plaintiff principally relies, to be factually distinguishable from this premises liability action. In *Currie,* the court found that the defendant's duty "arose as a result of his status as the driver of an automobile on a public roadway" and that he was "not performing a uniquely governmental function at the time of the collision," where it was unclear whether he was responding to a call for assistance at the time of the collision and that, even if he was, his actions were not part of his normal and official functions as a state trooper. *Currie v. Lao,* 148 Ill. 2d at 161-62, 592 N.E.2d at 981. In *Lorenz,* the complaint charged the defendant with statutory violations; therefore, jurisdiction was properly vested in the circuit court in that case. *Lorenz v. Siano,* 248 Ill. App. 3d 946, 618 N.E.2d 666. Finally, in *Madden v. Kuehn,* 56 Ill. App. 3d 997, 372 N.E.2d 1131, the defendant, who was employed as a physician by the state, owed a duty to his patient regardless of his public office.

In sum, we find that plaintiff's claim against defendant was, in actuality, one against the state under the Court of Claims Act. Accordingly, the trial court's decision to grant defendant's section 2—619 motion to dismiss plaintiff's first amended complaint for lack of subject matter jurisdiction was proper.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ZWICK, P.J., and RAKOWSKI, J., concur.