THIRD DIVISION

December 31, 1997

Nos. 1-96-1827, 1-96-2263, Consolidated

PATRICIA WILSON, as Mother and Next Friend of JOYCE ANN WILSON, a Minor, and Assignee of BRUCE SARTIN,

Plaintiff-Appellant,

v.

CORONET INSURANCE COMPANY, MARVIN S. LANSKY, FISCH, LANSKY and ASSOCIATES, f/k/a FISCH, LANSKY and HERMAN, f/k/a FISCH, LANSKY and GREENBERG,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 92 L 016254

Honorable

Loretta C. Douglas,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Patricia Wilson appeals from trial court order dismissing count III of her third-amended complaint.  We review whether a party to a lawsuit may assign a cause of action against his lawyer for breach of fiduciary duty.  We conclude that he may not.

In her third-amended complaint, plaintiff alleges that in November 1986, Joyce Ann Wilson was injured when struck by a vehicle driven by Bruce Sartin.  Joyce Ann Wilson, through her mother, the plaintiff, sued Sartin.  Sartin was insured by Coronet Insurance Company (Coronet).  Coronet retained Fisch, Lansky & Associates to defend Sartin.  Marvin Lansky was the trial attorney primarily responsible for the defense.  

On July 1, 1987, and on May 5, 1989, Wilson offered to settle for the $15,000 limit on the policy.  Coronet refused.  At this point, plaintiff contends, Coronet's and Sartin's interests diverged, presenting an "actual conflict of interest" for Lansky and his law firm.  Plaintiff asserts that when Coronet first learned about the accident, Coronet "knew or would have, in the exercise of ordinary care, known that the probability of an adverse finding of liability against [Sartin] was great and that the amount of damages resulting from [Sartin's] acts would far exceed the applicable limits of liability coverage."

Plaintiff alleges that Lansky and his law firm had financial interests in Coronet, including: (1) Lansky was paid by Coronet for Sartin's defense; (2) Fisch, Lansky, & Associates derived most of its business from Coronet, and (3) Kenneth Fisch, a firm partner, was vice-president of Coronet.  Plaintiff further alleges that Lansky and his law firm acted as agents of Coronet throughout the litigation against Sartin.

After trial, a jury returned a verdict against Sartin and assessed damages in the amount of $3,625,000.  Sartin later assigned his causes of action against Coronet, Lansky, and his law firm to plaintiff.  Plaintiff sued defendants.   

In count III, plaintiff alleges that Lansky and his law firm breached a fiduciary duty owed to Sartin by failing to disclose conflicts of interest.  

Defendants Lansky and his law firm moved to dismiss count III, arguing that plaintiff did not plead sufficient facts to state a cause of action for breach of fiduciary duty.  On May 3, 1996, the trial court granted the motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(9) (West 1996)).  On May 22, 1996, plaintiff filed a notice of appeal from the May 3, 1996, order.

Plaintiff argues on appeal that the third-amended complaint sufficiently stated that Lansky and his firm breached a fiduciary duty owed to Sartin by continuing to represent Sartin without revealing a conflict of interest or advising him to seek independent counsel.  The trial court found that the facts alleged by plaintiff did not and could not support a cause of action for breach of fiduciary duty.  

We review a trial court's dismissal of a complaint under section 2-619 
de
 
novo
.  
Metrick v. Chatz
, 266 Ill. App. 3d 649, 652, 639 N.E.2d 198 (1994).  We consider all well-pleaded facts as true, and dismissal is proper only if no facts exist that could entitle plaintiff to recover.  
Griffin v. Fluellen
, 283 Ill. App. 3d 1078, 1083, 670 N.E.2d 845 (1996).  An appellate court can affirm a section 2-619 dismissal on grounds supported by the record, regardless of the trial court's reasons.  
Ko v. Eljer Industries, Inc.
, 287 Ill. App. 3d 35, 39, 678 N.E.2d 641 (1997).   We need not decide whether count III sufficiently alleged that Lansky and his law firm breached a fiduciary duty owed to Sartin.  Sartin's claims against his attorney were not properly assigned to plaintiff.

Illinois courts have held that legal malpractice claims are not assignable. 
 
Brocato v. Prairie State Farmers Insurance Ass'n
, 166 Ill. App. 3d 986, 988-89, 520 N.E.2d 1200 (1988); 
Clement v. Prestwich
, 114 Ill. App. 3d 479, 480-81, 448 N.E.2d 1039 (1983); 
Christison v. Jones
, 83 Ill. App. 3d 334, 338-39, 405 N.E.2d 8 (1980).  But see 
McGill v. Lazzaro
, 62 Ill. App. 3d 151, 379 N.E.2d 16 (1978) (stating, in 
dicta
, that an action in professional negligence survives an attorney's death because such an action would be assignable).  The reason stems from the nature of the attorney-client relationship and public policy.  The fiduciary relationship between an attorney and client is a personal and confidential one, requiring the attorney to exercise "the utmost degree of fidelity, honesty and good faith."  See 
Christison
, 83 Ill. App. 3d at 338.  Illinois courts have reasoned that a malpractice suit is not appropriately brought by a stranger to that relationship and that allowing such assignments would commercialize legal malpractice suits, "debase the legal profession," "'place an undue burden on *** the legal profession [and] judicial system, restrict the availability of competent legal services, embarrass the attorney-client relationship and imperil the sanctity of the highly confidential and fiduciary relationship existing between attorney and client.'"  
Christison
, 83 Ill. App. 3d at 339, quoting 
Goodley v. Wank & Wank, Inc.
, 62 Cal. App. 3d 389, 397, 133 Cal. Rptr. 83, 87 (1976).

Although Illinois cases have only applied this rule to legal negligence claims, we see no reason why this rule should not apply to a "breach of fiduciary duty" claim.  A "breach of fiduciary duty" claim against an attorney is "[i]ncluded within the rubric of legal malpractice."  
Doe v. Roe
, 289 Ill. App. 3d 116, 128, 681 N.E.2d 640 (1997), citing 
Metrick v. Chatz
, 266 Ill. App. 3d 649.  Sartin's "breach of fiduciary duty" claim was not assignable.

Affirmed in part and dismissed in part.

COUSINS, P.J. and GORDON, J., concur.