THIRD DIVISION

June 17, 1998

No. 1-97-0583

GREGORY NICHOL and RUBY NICHOL, )

Individually, and as Co-Special )

Administrators of the Estate of )

the Decedent, JONATHAN NICHOL, )

)

Plaintiffs-Appellants, ) Appeal from the Circuit

) Court of Cook County.

v. )

)

JOHN STASS and BONNIE STASS, )

Individually, )

)

Defendants-Appellees, )

)

and ) Honorable Joseph N.

) Casciato, Judge

the HUMAN ENRICHMENT and ) Presiding.

DEVELOPMENT ASSOCIATION (HEDA), )

an Illinois Corporation, )

)

Defendants. )

JUSTICE GORDON DELIVERED THE OPINION OF THE COURT:

The Plaintiffs, Gregory Nichol and Ruby Nichol, individually and as co-special administrators of the estate of the decedent, Jonathan Nichol, filed a complaint against defendants, John Stass and Bonnie Stass, the foster parents of the decedent, alleging negligent supervision, monitoring and care of the decedent who died of drowning while in the Stasses' care.  The count against the foster parent defendants was dismissed on the basis of sovereign immunity and lack of subject matter jurisdiction.  735 ILCS 5/2-619(a)(1) (West 1996).

In this appeal, brought pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)),
(footnote: 1) the plaintiffs contend that their action against the defendant foster parents is not a claim against the State because the defendants are not employees of the State and because the duty alleged to have been breached by the foster parents is owed independent of State employment.

Section 1 of the State Lawsuit Immunity Act provides in pertinent part as follows:

"Except as provided in * * * 'AN ACT to create the Court of Claims * * *', * * * the State of Illinois shall not be made a defendant or party in any court."  745 ILCS 5/1 (West 1996).

The Court of Claims Act (705 ILCS 505/1 
et
 
seq
. (West 1996)) provides that the court shall have exclusive jurisdiction of "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit."  705 ILCS 505/8(d) (West 1996).

A party cannot avoid sovereign immunity implications by filing an action nominally against a servant or agent of the State when the real claim is against the State of Illinois.  
Healy v. Vaupel
, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990).  For purposes of determining sovereign immunity, the courts will not look to the formal designation of the parties.  
Healy
, 133 Ill. 2d 295, 549 N.E.2d 1240.  "It is well established that whether an action is against the State, and therefore one that must be brought in the Court of Claims, depends on the issues involved and the relief sought."  
E.g.
, 
Griffin v. Fluellen
, 283 Ill. App. 3d 1078, 1084, 670 N.E.2d 845, 850 (1996).

As stated in 
Robb v. Sutton
, 147 Ill. App. 3d 710, 713, 498 N.E.2d 267, 270 (1986), and adopted by our supreme court in 
Healy
, 133 Ill. 2d at 309, 549 N.E.2d at 1247, an action is against the State when three criteria are met:  (1) the absence of an allegation that an agent or employee of the State acted beyond the scope of his authority; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) the alleged actions involved matters ordinarily within the employee's normal and official functions of the State.  An action is also deemed to be against the State if judgment for the plaintiff could "'operate to control the actions of the State or subject it to liability.'"  
Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University
, 248 Ill. App. 3d 599, 607, 618 N.E.2d 694, 699 (1993), quoting 
Robb v. Sutton
, 147 Ill. App. 3d at 713, 498 N.E.2d at 270.

I.  Employee/Agent Issue

Under the criteria set forth in 
Robb
, we must first determine whether the defendant foster parents are employees or agents of the State.  In their argument to the trial court, the defendants asserted that they are employees of the State under the language of the State Employee Indemnification Act (the Act) (5 ILCS 350/1 
et
 
seq
. (West 1996)).  That Act, which defines "employee" to include "individuals who serve as foster parents for the Department of Children and Family Services when caring for a Department ward" (5 ILCS 350/1(b) (West 1996)), provides that the State will defend and indemnify any "employee" in any civil proceeding commenced against the employee arising out of any act or omission occurring within the scope of the employee's State employment (5 ILCS 350/2 (West 1996)).  The defendants also argued before the trial court that the provision of indemnity was in and of itself sufficient to invoke sovereign immunity.  On appeal, the defendants have largely abandoned that latter argument, and correctly so.  See 
Janes v. Albergo
, 254 Ill. App. 3d 951, 626 N.E.2d 1127 (1993); 
Kiersch v. Ogena
, 230 Ill. App. 3d 57, 595 N.E.2d 696 (1992) (State's obligation to indemnify does not constitute the State's assumption of direct liability).  The defendants continue to argue that the characterization of foster parents as employees in the Act should control.

The plaintiffs contend that despite being identified as employees in the Indemnification Act, the defendant foster parents are not employees of the State and thus cannot satisfy the first criterion of the three-part 
Robb
 test for sovereign immunity.  They argue that the inclusion of foster parents in the definition of employee in the State Employee Indemnification Act (5 ILCS 350/1(b) (West 1996)) was for the limited purpose of indemnity and did not create employee status outside that statute.  They note that the Foster Parent Law (20 ILCS 520/1 
et
 
seq
. (West 1996)) does not define a foster parent as an employee of the State (20 ILCS 520/1-10 (West 1996)) and contains no reference to foster parents as employees.  They also note that the State does not withhold State or Federal income tax, does not insure foster parents for unemployment or workers' compensation, and does not provide foster parents with retirement or pension benefits or health insurance.

As section 1 of the Indemnification Act begins with limiting language "[f]or the purpose of this Act" (5 ILCS 350/1 (West 1996)), we agree that the inclusion of foster parents in the definition of employee in that Act does not conclusively establish employment status for sovereign immunity purposes.  See 
Moy v. County of Cook
, 159 Ill. 2d 519, 530, 640 N.E.2d 926, 930 (1994) ("statutory definitions have no validity beyond the scope of the legislation in which they appear").  However, we cannot agree that the inclusion of foster parents as employees in that statute has no residual probative value with respect to the issue of employment status.

The defendants also argue that foster parents are employees of the State because the State controls the manner and method in which their work is to be performed.  See 
Hansen v. Caring Professionals
, 286 Ill. App. 3d 797, 676 N.E.2d 1349 (1997) (the right to control the manner and method of the work to be done is critical to a master-servant relationship).  See generally Restatement (Second) of Agency §2(2), at 12 (1958) ("[a] servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master").  It is true that foster parents are required to comply with various administrative rules promulgated by the Department of Children and Family Services.  See 225 ILCS 10/8 (West 1996).  Those rules regulate such things as the physical accommodations of the foster home 
(89 Ill. Admin. Code § 402.8 (1996)); sleeping accommodations (89 Ill. Admin. Code §402.9); dietary requirements (89 Ill. Admin. Code §402.10); outside employment by the foster parent (89 ll. Admin. Code §402.11); and discipline (89 Ill. Admin. Code §402.21).  The rules and regulations governing foster child care are specific and comprehensive.  See also 
Swanigan v. Smith
, 
   
 Ill. App. 3d 
   
, 689 N.E.2d 637 (1998) (foster parent status as state employee presumed).  However, we need not definitively determine whether foster parents are employees of the State since, as will be discussed below, regardless of whether they are employees of the State, they clearly are agents of the State.  See 
Cnota v. Palatine Area Football Ass'n
, 227 Ill. App. 3d 640, 592 N.E.2d 196 (1992) (question of agency relationship can be determined as a matter of law where the parties' relationship is clear).

In 
Griffin v. Fluellen
, 283 Ill. App. 3d 1078, 670 N.E.2d 845 (1996), the first district appellate court found that foster parents are agents of the State because they were appointed by the Department of Children and Family Services, a State agency.  
Griffin
, 283 Ill. App. 3d at 1087, 670 N.E.2d at 852.  Foster parents also are agents of the State because they are performing duties which are statutorily mandated as government duties (20 ILCS 505/5 (West 1996)).  See 
Illinois Nurses Ass'n v. Illinois State Labor Relations Board
, 196 Ill. App. 3d 576, 554 N.E.2d 404 (1990) (any corporation performing duties which are statutorily mandated as government duties acts on behalf of the State and is an agent of the State).
(footnote: 2)  
Cf
. 
Commerce Bank v. Augsburger
, 288 Ill. App. 3d 510, 680 N.E.2d 822 (1997) (distinguishing 
Illinois Nurses Ass'n
 because control by State over foster parents too remote).

In addition
, even if the foster parents in the case at bar are considered independent contractors of the State, strong argument can be made that they were performing the State's non-delegable duties toward its foster children/wards.  If the State's duty is non-delegable, the conduct of the foster parent in performing that duty is by definition the conduct of the State; and the foster parent is an agent of the State for that purpose.  See Restatement (Second) of Agency §214, Comment 
a
, at 464 (1958) stating,

"[O]ne may have a duty to see that due care is used in the protection of another, a duty which is not satisfied by using care to delegate its performance to another but is satisfied if, and only if, the person to whom the work of protection is delegated is careful in giving the protection.  In this third class, the duty of care is non-delegable."

See also Restatement (Second) of Agency §251, at 551 (1958) (principal is liable for negligence of servant or non-servant agent in performance of an act which the principal is under a duty to perform with care).  Section 424 of the Restatement (Second) of Torts similarly provides that hiring an independent contractor to perform a nondelegable duty does not relieve the principal of liability.  That section provides as follows:

"One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions."  Restatement (Second) of Torts §424, at 411 (1965). 

In 
Medley v. North Carolina Department of Correction
, 330 N.C. 837, 412 S.E.2d 654 (1992), the Supreme Court of North Carolina applied section 424 of the Restatement (Second) of Torts to find the state liable for the medical care rendered by its independent contractor/doctor to a state prisoner.  In that case, the court found that the state's duty to provide medical care was non-delegable.  The court cited to the statutory duties of the state to prescribe standards for health services to prisoners and the state's constitutional duties to refrain from cruel and unusual punishment.  U.S. Const. amend. VIII; N.C. Const. art. I, §27.  See also 
Henderson v. Harris
, 672 F. Supp. 1054 (N.D. Ill. 1987) (federal government constitutional duty to provide appropriate medical care to inmates is nondelegable).

While there is no single test for determining when a duty is non-delegable, we believe that persuasive argument could be made that, as with inmates, the State's duty to provide for the care of its foster children is non-delegable such that the State was not relieved of its duty to provide care for the foster child/ward in the instant case when the defendant foster parents contracted with the State to assume that duty.  See 
Lipscomb v. Simmons
, 884 F.2d 1242, 1247 (9th Cir. 1989), 
vacated
 
and
 
rehearing
 
en
 
banc
 
granted
, 907 F.2d 474 (1990), 
rehearing
, 962 F.2d 1374 (1992) (en banc) ("[t]he State's obligation to ensure that children in its custody are able to exercise their constitutional rights is even greater than its responsibility toward prisoners").  See generally Restatement (Second) of Agency §214, at 464
 ("one may have a duty to see that due care is used in the protection of another, a duty which is not satisfied by using care to delegate its performance to another").  As noted above, the State is required by statute to provide direct child welfare services for foster children who are its wards (see 20 ILCS 505/5 (West 1996)) and to establish rules and regulations concerning foster care (20 ILCS 505/5(g) (West 1996)).  See 
K.H. v. Morgan
, 914 F.2d 846, 849 (7th Cir. 1990)("[o]nce the state assumes custody of a person, it owes him a rudimentary duty of safekeeping"); 
Lipscomb
, 884 F.2d at 1246 (by removing children from their parents' custody, making them wards of the state, and placing them in foster care programs, the state has assumed special constitutional obligations and bears the responsibility of protecting the welfare of children in its care).  
Cf
. 
Commerce Bank
, 288 Ill. App. 3d 510, 680 N.E.2d 822.
(footnote: 3)
   Based upon the foregoing, we conclude that the duties of the State to foster children are in fact non-delegable such that the breach of those duties would impose vicarious liability upon the State for the negligence of the foster parents.  See Restatement (Second) of Torts §424.  Although the relationship between the State and the foster parents may not be that of employer-employee, it is analogous in so far as the State would be vicariously liable for the acts of the foster parents as if they were employees.  See Restatement (Second) or Torts, Topic 2, Introductory Note, at 394 (1965) (liability imposed upon the employer of an independent contractor in sections 416 through 429 is based upon rules of vicarious liability and is closely analogous to that of a master for the negligence of his servant).  This holding is consistent with 
Illinois Nurses Ass'n
 where the court stated:

"Without deciding the delegability issue, we must conclude that any corporation performing duties which are statutorily (and constitutionally) mandated as government duties must, at the very least, be acting on behalf of the State and is, thus, an agent of the State."  196 Ill. App. 3d at 582, 554 N.E.2d at 408.

We note that while that case purports to avoid the question of delegability, in fact, the reason given for imposing vicarious liability is consistent with section 214 of the Restatement (Second) of Agency which states that one's non-delegable duty to protect another cannot be satisfied by delegating its performance.  Restatement (Second) of Agency §214, Comment 
a
.  See also Restatement (Second) of Agency §251.  It would seem that the court in 
Illinois Nurses Ass'n
 found that the State's duty of care to inmates at its correctional facilities was non-delegable, having concluded that the duty was imposed by statute.  See Restatement (Second) of Torts §424 ("one who by statute * * * is under a duty to provide specified safeguards or precautions for the safety of others" is subject to liability for breach of duty by independent contractor).

The plaintiffs argue that the State's sovereign immunity applies only to State employees and not to non-employee agents of the State.  In support of this argument they cite to the three criteria set forth in 
Robb v. Sutton
, 147 Ill. App. 3d 710, 498 N.E.2d 267 (1986), adopted in 
Healy v. Vaupel
, 133 Ill. 2d 295, 549 N.E.2d 1240 (1990), considered in the determination of whether an action is against the State.  They argue that an employment relationship must exist, despite the first criterion's reference to "agent," because the second and third 
Robb
 criteria refer to "State employment" and "employee" without any parallel agency language.  We disagree with plaintiff's narrow construction.  See 
Healy v. Vaupel
, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990) and 
Sass v. Kramer
, 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977 (1978) (applying sovereign immunity to "servants or agents of the State").  A review of the 
Robb
 decision shows that the three-part test set forth therein evolved from a summarization of existing case law.  The latter two criteria evolved from cases in which an employment relationship existed with the State, such that the holdings therein, which were repeated in 
Robb
, reflected that relationship.  Moreover, as discussed above, under general principles of agency law, the State can be is liable for the negligent acts of its non-servant or non-employee agents.  
Illinois Nurses Ass'n
, 196 Ill. App. 3d 576, 554 N.E.2d 404.  See generally Restatement (Second) of Agency §§214, 251-67; Restatement (Second) of Torts §416-29.  We see no reason to bar application of the sovereign immunity doctrine where the named defendant is a non-servant agent so long as the State has direct liability for the acts of that agent.  See, 
e.g.
, 
Currie v. Lao
, 148 Ill. 2d 151, 592 N.E.2d 977 (1992) (action brought nominally against an individual will be found to be claim against the State where judgment for plaintiff would subject State to liability).      

II.  Independent Duty Issue

The plaintiffs next argue that the instant action did not contain an allegation that would satisfy the second criterion for determining whether an action is against the State.  The plaintiffs argue that they alleged a duty by the defendant foster parents that was owed independent of the fact of State employment.  See 
Healy
, 133 Ill. 2d at 309, 549 N.E.2d at 1247 citing 
Robb
, 147 Ill. App. 3d at 716, 498 N.E.2d at 272.  Two appellate court districts have rendered conflicting holdings on this issue.  Compare 
Griffin v. Fluellen
, 283 Ill. App. 3d 1078, 670 N.E.2d 845 (1996) with 
Swanigan v. Smith
, 
  
 Ill. App. 3d 
  
, 689 N.E.2d 637 (1998).

In 
Griffin v. Fluellen
, 283 Ill. App. 3d 1078, 670 N.E.2d 845, a division of this appellate court district affirmed the trial court's dismissal for lack of subject matter jurisdiction of an action against a foster parent alleging negligent care of a foster child.  The court found that this action was against the State because the duty alleged to have been breached was owed only because of the fact of State employment.  In that regard the court stated:

"We are unpersuaded by plaintiff's argument that defendant breached a duty to Verna [the foster child] that is independent of her employment with the State, thus preventing the attachment of sovereign immunity and enabling the claim to be maintained in the circuit court.  Any alleged failure of a heating system in the home or the use of a space heater arose out of defendant's duty as a foster parent appointed by DCFS and Verna's status as a foster child.  Verna would never have sustained injuries in the fire at defendant's house if she had not been in defendant's legal custody and a resident there."  
Griffin
, 283 Ill. App. 3d at 1087, 670 N.E.2d at 852.

The recent case of 
Swanigan v. Smith
, 
   
 Ill. App. 3d 
   
, 689 N.E.2d 637, decided by the Fourth District of the Illinois Appellate Court, declined to follow 
Griffin
.  Instead, the court found that the negligence action filed against the foster parent was not an action against the State because the duty of care alleged to have been breached was a duty owed to the public generally.  In that regard, the 
Swanigan
 court stated:

"In this case, we should not look to the reason why Cortez [the foster child] was in defendant's home, but to the source of the duties that existed because Cortez was in defendant's home.  Defendant owed Cortez a duty of care not only by virtue of her state employment as his foster parent, but also as a homeowner with a minor in her home.  See 
Cope v. Doe
, 102 Ill. 2d 278, 286, 464 N.E.2d 1023, 1027 (1984); 
Osborne v. Claydon
, 266 Ill. App. 3d 434, 436, 640 N.E.2d 684, 686 (1994).  It was from the latter source of defendant's duty of care that plaintiffs' complaint sought recovery."  
Swanigan
, 
   
 Ill. App. 3d at 
   
, 389 N.E.2d at 642.

For the reasons discussed below, we find that the duty alleged to have been breached by the defendant foster parents in the instant action was not owed independent of State employment and, instead, was owed only because of the foster parents' agency relationship with the State.  In reaching this conclusion, we respectfully disagree with the rationales of both 
Griffin
 and 
Swanigan
.

As noted in 
Currie v. Lao
, 148 Ill. 2d 151, 592 N.E.2d 977 (1992), sovereign immunity attaches only when the State employee (or agent) is charged with breaching a duty imposed on him solely by virtue of his State employment.  The proper inquiry as to when a State employee's on-the-job negligence is immunized 

"is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act.  Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him 
solely
 by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court."  (Emphasis original.)  
Currie
, 148 Ill. 2d at 159, 592 N.E.2d at 980.

Applying this rationale, the 
Currie
 court found that a state trooper was not immunized by sovereign immunity for acts of negligence in driving a State-owned automobile because that negligence arose from the ordinary operation of a motor vehicle and involved the breach of duties every driver owes to every other driver.  See also 
Bartholomew v. Crockett
, 131 Ill. App. 3d 456, 475 N.E.2d 1035 (1985); 
Gocheff
 v. State Community College
, 69 Ill. App. 3d 178, 386 N.E.2d 1141 (1979).  Under this same rationale, the courts have held that State-employed physicians are not immunized by sovereign immunity for acts of negligence in rendering medical treatment to their patients, finding that the duties allegedly breached -- the duties to properly diagnose and treat -- were duties "every physician owes his patient, rather than obligations incurred solely by virtue of holding a public office."  
Madden v. Kuehn
, 56 Ill. App. 3d 997, 1001, 372 N.E.2d 1131, 1133-34 (1978).  Accord 
Janes v. Albergo
, 254 Ill. App. 3d 951, 626 N.E.2d 1127 (1993); 
Kiersch v. Ogena
, 230 Ill. App. 3d 57, 595 N.E.2d 696 (1992); 
Watson v. St. Annes Hospital
, 68 Ill. App. 3d 1048, 386 N.E.2d 885 (1979).

A duty dependent on State employment was found to be owed by a State employee in 
Healy v. Vaupel
, 133 Ill. 2d 295, 549 N.E.2d 1240 (1990).  In 
that case, the plaintiff, a student gymnast at a State university, sued two athletic directors, a gymnastics coach and a trainer employed by the university alleging negligence.  In finding that the action was against the State, the court in 
Healy
 stated:

"The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendants.  Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities."  
Healy
, 133 Ill. 2d at 313, 549 N.E.2d at 1249.

Here, as in 
Healy
, the duties alleged to have been breached by the defendant foster parents were duties that existed because of the foster child's status as a foster child.  In reaching this conclusion, we respectfully reject the but/for analysis used by our court in 
Griffin
.  The analysis should not turn on whether the injured plaintiff would have sustained the injuries if he had not been in the defendants' legal custody and care.  Rather, the analysis must look to the source of the duty breached and whether that duty existed solely because of the plaintiff's status.  
Currie
, 148 Ill. 2d at 159, 592 N.E.2d at 980; 
Healy
, 133 Ill. 2d at 313, 549 N.E.2d at 1249.  Here, the duties alleged to have breached were the failure to exercise ordinary care in the supervision and care of the deceased foster child and the failure to comply with various standards, rules and regulations and guidelines established by the Department of Children and Family Services.  These duties do not have a source independent of the foster care relationship.  Clearly, the duty to comply with Department of Children and Family Service rules and regulations would not exist outside of the relationship between the State and the foster parents.  The former breach also is dependent on that relationship because without that relationship the foster parent would have no duty to exercise ordinary care in the supervision and monitoring of the foster child.  That legal duty, which ultimately rests with the State, is only undertaken by the foster parent pursuant to agreement with the State.

The court in 
Swanigan
, 
   
 Ill. App. 3d 
   
, 689 N.E.2d 637, found that the foster parent's duty to care and supervise the foster child was derived from the foster parent's status as a homeowner.  We disagree.  Under premises liability law, a homeowner's duty to non-trespassing persons who come upon the property is to exercise reasonable care under the circumstances regarding the state of the premises.  740 ILCS 130/2 (West 1996).  Premises liability concerns conditions on the premises.  Here, there is no allegation that the foster parents were negligent in failing to exercise reasonable care with respect to a condition on the premises.  Such an allegation would encompass a duty independent of the foster parent's employment by the State and, as in 
Currie
 and 
Madden
 and their progeny, would defeat any sovereign immunity claim.  Since the duty of foster care parents to exercise ordinary care in the supervision and care of their foster children is not derived from a source independent of the foster parent's relationship with the State, the second 
Robb
 criterion is met and supports a finding that the action is in fact against the State.  As a result, the State's sovereign immunity operates to defeat subject matter jurisdiction in the circuit court.

For the foregoing reasons, the order of the Circuit Court of Cook County dismissing the instant action for lack of subject matter jurisdiction is affirmed.
(footnote: 4)
Affirmed.

LEAVITT, P.J. and CAHILL, J., concur.

FOOTNOTES
1:
The count against the Human Enrichment and Developmental Association, an independent child welfare agency that allegedly contracted with the Illinois Department of Children and Family Services to provide supervision, management, guidance and discipline to foster parents, remained pending in the trial court.

2:
We note that 
Illinois Nurses Ass'n v. Illinois State Labor Relations Board
, 196 Ill. App. 3d 576, 554 N.E.2d 404 (1990) was vacated for reasons other than its agency analysis, based upon an issue of federal preemption first raised in the appeal of that case to the United States Supreme Court.  
Illinois Nurses Ass'n v. Illinois State Labor Relations Board
, 244 Ill. App. 3d 1, 614 N.E.2d 13 (1991).  However, notwithstanding that vacatur, the agency discussion in that case has since been cited in 
Commerce Bank v. Augsburger
, 288 Ill. App. 3d 510, 680 N.E.2d 822 (1997).

3:
In 
Commerce Bank v. Augsburger
, 288 Ill. App. 3d 510, 680 N.E.2d 822 (1997), the appellate court for the fourth district found a lack of control by the State over the actions of the foster parents.  In that case a private corporation had contracted with the State to obtain foster homes for children in the custody of the Illinois Department of Children and Family Services, and the defendant foster parents had contracted with the private corporation to provide those services.  The court found that the relationship between the foster parents and the State, which had been contractually designated as an independent contractor relationship, too remote to give the foster parents governmental immunity.  While the ultimate holding in this case is inconsistent with the proposition that the duties of the State are non-delegable (see Restatement (Second) of Torts §424 (1965)), the 
Commerce Bank
 opinion never raised or discussed that issue.

4:
Since we have affirmed the dismissal of the instant action on the basis of sovereign immunity, we need not rule on appellant's motion to strike part II of appellee's brief which discussed the doctrine of parental tort immunity as an alternative theory to support the dismissal of the instant action.