ROSE WILLIAMS, on Behalf of Rasheed Williams, a Minor, Plaintiff, v. WILLIE DAVENPORT, Defendant (The State of Illinois, Appellant; Pasulka and Associates, P.C., Appellee).

First District (3rd Division)    No. 1—98—2015

Opinion filed June 30, 1999.

Richard A. Devine, State's Attorney, of Chicago (Robert J. Ruiz, Mary T. Donoghue, and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellant.

David P. Pasulka and Sally Ann Martin, both of David P. Pasulka & Associates, P.C., of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

This appeal arises from a circuit court order finding the Illinois Department of Public Aid (Department) and defendant jointly and severally liable for attorney fees and costs of the appointed guardian *ad litem* in the instant paternity action. For the following reasons, we reverse.

On August 8, 1995, plaintiff Rose Williams filed a complaint to determine whether Willie Davenport was the father of her child, Rasheed Williams. Pursuant to the Illinois statutes enacted in compliance with Title IV-D of the Social Security Act and the current contract between the Illinois Department of Public Aid and the Cook County State's Attorney's office, plaintiff was represented by the Cook County State's Attorney's office. 42 U.S.C. § 651 *et seq.* (1994). Upon defendant's motion, David Pasulka (Pasulka) was appointed as the guardian *ad litem* for the minor, Rasheed Williams. After results of a DNA test disclosed that defendant was not the minor's biological father, the trial court ordered the Department and defendant jointly and severally liable for the attorney fees and costs of the guardian *ad litem*.

On appeal the Department argues that: (1) the trial court did not have jurisdiction over the Department as it was only a nominal party to this action; and (2) since the Court of Claims retains exclusive jurisdiction in determining whether the State is liable for the expenses of litigation, the court's decision requiring the Department to pay attorney fees should be considered void *ab initio* for lack of subject matter jurisdiction. Because the second issue is dispositive of this appeal's outcome, we need not reach the merits of whether the State was in fact a nominal party to this action.

The Department argues that the Court of Claims Act (705 ILCS 505/8(a) (West 1996)) precluded the trial court from entering an order holding the State jointly and severally liable for the attorney fees and costs of the guardian *ad litem*. Pasulka responds by arguing the instant order falls outside the purview of the Court of Claims Act, because his function as guardian *ad litem* remains a state-appropriated cost.

■ " ' "Though our constitution of 1970 abolished sovereign immunity (Ill. Const. 1970, art. XIII, sec. 4) it was restored by the General Assembly, as the Constitution permitted." ' [Citations.] That enactment of the General Assembly provides that ' "[e]xcept as provided in [an act] to create the Court of Claims *** the State of Illinois shall not be made a defendant or party in any court." ' " *Smith v. Jones*, 113 Ill. 2d 126, 130-31, 497 N.E.2d 738 (1986), quoting *City of Springfield v. Allphin*, 74 Ill. 2d 117, 123, 384 N.E.2d 310 (1978), quoting *Department of Revenue v. Appellate Court*, 67 Ill. 2d 392, 394, 367 N.E.2d 1302 (1977); 705 ILCS 505/8(a) (West 1996), formerly Ill. Rev. Stat. 1981, ch. 127, par. 801.

■ The Court of Claims Act (705 ILCS 505/8(a) (West 1998)), provides:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency; provided, however, the court shall not have jurisdiction (i) to hear or determine claims arising under the Workers' Compensation Act or the Workers' Occupational Diseases Act, or claims for expenses in civil litigation ***." 705 ILCS 505/8(a) (West 1998).

See also *Griffin v. Fluellen*, 283 Ill. App. 3d 1078, 1083, 670 N.E.2d 845 (1996) (holding that, absent the express consent of the state, unless suit is brought under the Court of Claims Act, the doctrine of sovereign immunity applies and the State of Illinois shall not be made a defendant or party in any court.)

In *Kadlec v. Department of Public Aid*, 155 Ill. App. 3d 384, 508 N.E.2d 342 (1987), the trial court *sua sponte* ordered attorney fees be paid by the Department of Public Aid for failing to maintain an adequate record for review regarding an administrative hearing before it. On appeal, however, this court reversed the trial court, holding that the legislative intent behind the Court of Claims Act contemplated that expenses such as attorney fees were within the exclusive jurisdiction of the Court of Claims Act. *Kadlec*, 155 Ill. App. 3d at 387.

Similar to *Kadlec*, the trial court in the instant case sought to impose joint and several liability upon the Department of Public Aid for the attorney fees and costs of the guardian *ad litem*. As in *Kadlec*, we also find that the awarding of such expenses rests within the exclusive jurisdiction of the Court of Claims Act and therefore find the trial court lacked subject matter jurisdiction to enter its order. See *Kadlec*, 155 Ill. App. 3d at 387; see also *Management Ass'n of Illinois*,

*Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 613, 618 N.E.2d 694, 699 (1993) (holding that "[a]n award of fees and costs against the State is *** under the exclusive jurisdiction of the Court of Claims").

█ To be outside the scope of the Court of Claims Act's jurisdiction the State must provide a waiver of immunity that has been expressed by specific legislative authorization and must appear in affirmative statutory language. *Griffin*, 283 Ill. App. 3d at 1083; *In re Walker*, 131 Ill. 2d 300, 304, 546 N.E.2d 520 (1989). Given this strict rule of specificity, "[s]tatutes which in general terms authorize the imposition of costs in various actions or proceedings, but which do not in express terms refer to the State, are not adequate to authorize the imposition of costs against the State." *In re Walker*, 131 Ill. 2d at 304; *Department of Revenue v. Appellate Court*, 67 Ill. 2d 392, 396, 367 N.E.2d 1302 (1977). "Nothing will be read into such statutes by intendment or implication." *In re Walker*, 131 Ill. 2d at 304. Because statutes that authorize costs against the State are in derogation of the common law, they are strictly construed. *In re Walker*, 131 Ill. 2d at 304.

█ With this analysis in mind, we look to section 506 of the Illinois Marriage and Dissolution of Marriage Act, which presumably was the statutory authority the trial court relied upon for the imposition of the guardian *ad litem*'s fees and costs against the State. 750 ILCS 5/506 (West 1998). Section 506 states in pertinent part:

"The court may appoint an attorney to represent the best interests of a minor or dependent child with respect to his support, custody, visitation, and property. The court may also appoint an attorney as the guardian-ad-litem for the child. The court shall enter an order for costs, fees and disbursements in favor of the child's attorney and guardian-ad-litem, as the case may be. The order shall be made against either or both parents or any adult party, or against the child's separate estate." 750 ILCS 5/506 (West 1998).

█ In order for this court to uphold the trial court's order under section 506 of the Illinois Marriage and Dissolution of Marriage Act with respect to the imposition of the guardian *ad litem*'s fees and costs, this court would have to find an explicit waiver of the State's immunity which would amount to a consent of such fees. See *In re Walker*, 131 Ill. 2d at 305; 705 ILCS 505/8(a) (West 1998). Pasulka points to the language of "any adult party" as indicia that the legislature intended the State to be a party potentially liable for the attorney fees of an appointed guardian *ad litem*. Contrary to Pasulka's position, such language lacks the necessary specificity to constitute a waiver of sovereign immunity. Moreover, our review of the legislative history fails to reveal any such intent.

In *Department of Revenue*, our supreme court held that legislation that included terms such as "any person" or "either party" was not specific enough to impose fees and taxing costs against the Department of Revenue for the cost of printing excerpts from a record, since the State failed to be specifically referenced. *Department of Revenue*, 67 Ill. 2d at 396-98. Similarly, in *In re Walker*, 131 Ill. 2d at 304-06, it was decided that section 2—1303 of the Code of Civil Procedure, containing the language of "any other governmental entity," was not specific enough to constitute a waiver of the State's immunity and thereby authorize the imposition of postjudgment interest. Likewise in *People ex. rel. Kalin v. Mathews*, 71 Ill. App. 3d 379, 389 N.E.2d 952 (1979), this court held that the language of the Illinois Paternity Act stating " '[i]f the defendant is unable to pay the costs of the testing procedure, it shall be provided at the expense of the court,' " was not specific enough to allow the cost of blood tests to be imposed upon the Department of Public Aid. *Kalin*, 71 Ill. App. 3d at 380, quoting Ill. Rev. Stat. 1977, ch. 40, par. 1356.

Section 506 of the Illinois Marriage and Dissolution of Marriage Act fails to contain language specifically referencing the State that could be construed as a waiver of sovereign immunity and more specifically the reimbursement of attorney fees to a guardian *ad litem*. 750 ILCS 5/506 (West 1998). Such language specifically referencing the State is absolutely necessary if the State is to be considered a party consenting to the costs or fees part and parcel to litigation. See *Kadlec*, 155 Ill. App. 3d at 386-90 (sections 2—611 under the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) and section 3—111(a)(2) under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a)(2)) both failed to contain language specific enough to constitute either a waiver or consent from the State allowing for the imposition of attorney fees; even where the Department of Public Aid was unable to produce a record for review causing another administrative hearing to be held for plaintiff).

Although not stated specifically, it appears that the guardian *ad litem* is arguing his fees for state-appropriated funds stem from Title IV-D of the Social Security Act. 42 U.S.C. § 651 (1994). Title IV-D provides a variety of services including the establishment of paternity, enforcement of support obligations, and parent locator services. *In re Marriage of Lappe*, 176 Ill. 2d 414, 424, 680 N.E.2d 380 (1997); 42 U.S.C. § 652(a)(2) (1994). Any state wishing to be reimbursed for funds spent on aid to families with dependent children (AFDC) under Title IV-A must have programs that comply with Title IV-D. *In re Marriage of Lappe*, 176 Ill. 2d at 424; 42 U.S.C. §§ 602(a)(27), 603(h) (1994). Since Illinois participates in the federally funded program of AFDC, it

receives federal funding for the public aid it supplies. However, such funding is contingent upon the operation of a child support enforcement program that complies with Title IV-D. 42 U.S.C. § 602(a)(27) (1994).

Illinois' Title IV-D program is contained in article X of the Public Aid Code and part 160 of the Department's regulations. *In re Marriage of Lappe*, 176 Ill. 2d at 426; 305 ILCS 5/10—1 *et seq.* (West 1994) "Article X of the Public Aid Code states that its purpose is to provide for locating an absent parent, for determining his or her financial circumstances, and for enforcing his or her legal obligation of support." *In re Marriage of Lappe*, 176 Ill. 2d at 426. One of the services provided under article X is the establishment of parentage. *In re Marriage of Lappe*, 176 Ill. 2d at 426; 305 ILCS 5/10—1 (West 1994). Pasulka is arguing that since the guardian *ad litem* helps to promulgate the objectives of article X of the Illinois Public Aid Code, which in turn helps to secure federal funding, his fees and costs should be considered "appropriated."

In support of this proposition, the guardian *ad litem* cites to *Board of Education of the City of Peoria, School District No. 150 v. Sanders*, 150 Ill. App. 3d 755, 502 N.E.2d 730 (1986). *Peoria* held that an action in the circuit court will not be barred by the doctrine of sovereign immunity when it seeks the disbursement of state-appropriated funds. In *Peoria*, plaintiffs sought the release of funds for a gifted student program that were being withheld by the school superintendent.

We fail to see the similarities between *Peoria* and the instant case. *Peoria* dealt with specific state-appropriated funds for a gifted student program. Here, there is little more than a vague suggestion that the guardian *ad litem* helps to facilitate an arm of the Illinois Public Aid Code, which, if in compliance with Title IV-D of the Social Security Act, entitles Illinois to federal funding. In light of the attenuated manner in which funds are allotted to Illinois through its establishment of child support enforcement services, it cannot be said that precluding the circuit court from ordering the payment of the guardian *ad litem*'s fees and costs is the equivalent to withholding state-appropriated funds, which is generally an action not barred by sovereign immunity.

█ As we have previously discussed, section 506 of the Illinois Marriage and Dissolution of Marriage Act fails to provide any specific statutory reference to the State regarding its consent to reimburse a guardian *ad litem*'s attorney fees and costs. As such, this action could only have been brought under section 8(a) of the Court of Claims Act. *Griffin*, 283 Ill. App. 3d at 1083 (holding the exclusive forum for which an action against the State must be brought via the Court of Claims Act); 705 ILCS 505/8(a) (West 1998). In light of these facts we

find that the trial court's order imposing liability for attorney fees against the Department is void for lack of subject matter jurisdiction. Therefore, we reverse the trial court's ruling ordering that the Department be held jointly and severally liable for the attorney fees and costs of the guardian *ad litem*.

Reversed.

CAHILL, P.J., and BURKE, J., concur.